Dismissed and Memorandum Opinion filed May 25, 2006









Dismissed and Memorandum Opinion filed May 25, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-06-00385-CV

____________

 

IN THE INTEREST OF A.M., A.M.,
J.L.M., Y.L.M., O.M.,

M.C.M., R.M., J.S.M., R.M., and
A.M., Children

 



 

On Appeal from the
313th District Court

Harris County,
Texas

Trial Court Cause No.
04-07710J

 



 

M E M O R A N D U M   O P I N I O N

This is an attempted appeal from a final judgment signed
February 8, 2006, terminating the parental rights of appellant Circilo Martinez
to the children that are the subject of this action.  Appellant filed a motion for new trial on
February 21, 2006.  Appellant then filed
his notice of appeal on March 23, 2006. 
We dismiss the appeal for want of jurisdiction.








An appeal from an order terminating the parent-child relationship
is governed by the rules for accelerated appeals in civil cases.  Tex.
Fam. Code Ann. ' 109.002(a) (Vernon 2002); Tex.
Fam. Code Ann. ' 263.405(a) (Vernon Supp. 2005).  In an accelerated appeal, the notice of
appeal must be filed within twenty days after the judgment or order is
signed.  Tex. R. App. P. 26.1(b). 
Moreover, a motion for new trial, request for findings of fact and
conclusions of law, or any other post-trial motion does not extend the deadline
for filing a notice of appeal.  Tex. Fam. Code Ann. ' 263.405(c) (Vernon Supp. 2005);  In re K.A.F. 160 S.W.3d 923, 925-26
(Tex. 2005) (holding mother=s timely filed motion to modify judgment terminating her
parental rights did not extend deadline for filing notice of appeal).

Appellant=s notice of appeal was filed forty-three days after the
judgment was signed, and therefore, is untimely.  A motion for extension of time is necessarily
implied when an appellant, acting in good faith, files a notice of appeal
beyond the time allowed by rule 26.1, but within the fifteen-day grace period
provided by Rule 26.3 for filing a motion for extension of time.  See Verburgt v. Dorner, 959 S.W.2d
615, 617-18 (1997) (construing the predecessor to Rule 26).  Appellant=s notice of appeal was not filed
within the fifteen-day period provided by rule 26.3.  

On May 10, 2006, appellee, Department of Family &
Protective Services, formerly known as Texas Department of Protective &
Regulatory Services, filed a motion to dismiss the appeal for want of
jurisdiction.  See Tex. R. App. P. 42.3(a).  Appellant filed no response.  The motion is granted.

Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed May 25, 2006.

Panel consists of Chief Justice
Hedges and Justices Yates and Guzman.