COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00064-CV

 

 


 
 
 In the Interest of M.P. and J.P.,
 Children
 
 
  
 
 
  
 
 


 

 

------------

 

FROM THE
323rd District Court OF Tarrant
COUNTY

------------

MEMORANDUM OPINION[1]

------------

I. 
Introduction

          In
four issues, appellant Mother appeals termination of her parental rights to
Mike and Jessy.[2]  Mother complains that the trial court erred
by allowing certain jury questions to be presented to the jury in the jury
charge and that she received ineffective assistance of counsel.  We will affirm.

II. 
Background

The Texas Department
of Family and Protective Services (Department) filed a petition for protection
of children, for conservatorship, and for parental-right termination in a suit
affecting the parent-child relationship on November 8, 2007.  The Department placed the children, Mike and
Jessy, in foster care; and the trial court ordered that the Department act as
temporary managing conservator of both children.  At that time, the Department alleged that
Mother was unable to accept parental responsibility for Mike and Jessy and that
Mother failed to provide a suitable home environment for both children.  Mother also requested that the children be
placed in foster care.

The
Department brought its termination case to trial in September 2008.  On February 23, 2009, the trial court found
that Mother had knowingly placed the children or knowingly allowed them to
remain in conditions or surroundings which endangered their physical or
emotional well-being and that Mother had engaged in conduct or knowingly placed
Mike and Jessy with persons who engaged in conduct which endangered their
physical or emotional well-being.  See Tex. Fam. Code Ann.
§ 161.001(D), (E) (Vernon Supp. 2010).  But the trial court further found that
termination of Mother’s parental rights to Mike and Jessy was not in the best
interests of the children. The trial court
ordered that Mother work a service plan before Mike and Jessy could be returned
to her.

On
June 19, 2009, the Foster Parent filed an original petition to terminate
Mother’s parental rights to Mike and Jessy.  The Foster Parent alleged that the trial court
had previously found that Mother had endangered Mike and Jessy,
that the circumstances had materially and substantially changed since the February
23, 2009 findings, and that termination was now in the best interests of
Mike and Jessy.  The Foster Parent also
alleged that Mother failed to comply with the provisions of a court order that
specifically established the actions necessary for Mike and Jessy to be
returned to Mother.  See id. at § 161.004 (Vernon
2008).

On
February 8, 2010, the trial court signed an order of termination.  The trial court’s order was based on a jury’s
findings that the trial court had previously found that Mother had endangered Mike
and Jessy; that the circumstances of the children, Mother, the Department, or
the Foster Parent had materially and substantially changed since February 23,
2009; and that Mother had failed to comply with the previous court-ordered
service plan.  The jury also found that
termination of Mother’s parental rights to Mike and Jessy was now in the
children’s best interests and that appointment of the Foster Parent as Mike and
Jessy’s possessory conservator was in their best interests.  This appeal followed.

III.  Discussion

A.      Jury Charge Issues 

In her first, second, and third issues,
Mother complains that the trial court erred by allowing certain questions to be
submitted to the jury in the jury charge. 
First, Mother complains that the trial court erred by allowing jury
question number one, based on Texas Family Code 161.004—the statute requiring material
and substantial change—to be submitted to the jury.  See id.  Mother claims that section 161.004 is
unconstitutional because, according to Mother, “[i]t is inconceivable and
contrary to all constitutional protections that a statute would allow the
termination of parental rights based on the changed circumstances of a foster
parent or a governmental agency.” 
Second, Mother complains that the trial court erred by submitting a jury
question that “presented to the jury . . .
that the grounds for termination had already been decided by the trial court
and [the jury’s] sole responsibility was deciding best interest.”  Finally, Mother argues that the trial court
erred by allowing what Mother alleges was a waived issue to be presented as a
jury question.[3]  We conclude that Mother failed to preserve
each of these issues for our review.

A
party objecting to a charge must point out distinctly the objectionable matter
and the grounds of the objection.  Tex. R.
Civ. P. 274.  Any complaint as to a
question, definition, or instruction, on account of any defect, omission, or
fault in pleading, is waived unless specifically included in the objections.  Id.; see also Tex. R. App. P.
33.1(a).  Moreover, the constitutional
dimension of the parent-child relationship does not automatically override the
procedural requirements for error preservation. 
In re B.L.D., 113 S.W.3d 340, 350–52 (Tex. 2003)
(stating that except for fundamental error, appellate courts are not authorized
to consider issues—even constitutional error—not properly raised by the parties
and declining to apply the criminal fundamental-error doctrine in parental
rights termination cases when complaint involves unpreserved alleged jury
charge error), cert. denied, 541 U.S. 945 (2004).  With only a few recognized exceptions,
even constitutional complaints are waived if not properly preserved.  See id. at 350–51.  The Texas Supreme Court has continually
explained that the rules governing error preservation must be followed in cases
involving termination of parental rights as in other cases in which a complaint
is based on constitutional error.  Id.; In re K.A.F., 160 S.W.3d 923, 928 (Tex.), cert.
denied, 546 U.S. 961 (2005).

Mother
admits, and the record demonstrates, that she did not complain to the trial
court about these alleged jury-charge errors. 
Because Mother did not object to the submission of these questions to
the jury, these complaints have not been preserved for our review.  Id.  Thus, we overrule Mother’s first, second, and
third issues.

B.      Effective Assistance of Counsel

In her fourth issue, Mother argues that her
trial counsel was ineffective because her trial counsel stipulated to the trial
court’s prior family code 161.001(D) and (E) findings; her trial counsel
allowed the best-interest finding to be “bifurcated by the [trial c]ourt” from the (D) and (E) findings; and her trial counsel
did not object to the jury charge to preserve her issues one, two, and three
for appellate review.  We disagree that
Mother’s trial counsel was ineffective.

There is a right to
effective assistance of counsel in termination cases.  In re M.S., 115 S.W.3d 534, 544 (Tex. 2003).
 We review ineffective assistance claims
under the Strickland standard.  Id. at 549.  To
establish ineffective assistance of counsel, an appellant must show by a
preponderance of the evidence that her counsel’s representation fell below the
standard of prevailing professional norms and that there is a reasonable
probability that, but for counsel’s deficiency, the result of the trial would
have been different.  Strickland
v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App.
2005); Mallett v. State,
65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

In
evaluating the effectiveness of counsel under the first prong, we look to the
totality of the representation and the particular circumstances of each case.  Thompson, 9 S.W.3d at 813.  The issue is whether counsel’s assistance was
reasonable under all the circumstances and prevailing professional norms at the
time of the alleged error.  See
Strickland, 466 U.S. at 688–89,
104 S. Ct. at 2065.  Review of
counsel’s representation is highly deferential, and the reviewing court
indulges a strong presumption that counsel's conduct fell within a wide range
of reasonable representation.  Salinas, 163 S.W.3d at 740;
Mallett, 65 S.W.3d at
63.  A reviewing court will rarely be in
a position on direct appeal to fairly evaluate the merits of an ineffective
assistance claim.  Thompson, 9 S.W.3d at 813–14.
 “In the majority of cases, the record on
direct appeal is undeveloped and cannot adequately reflect the motives behind
trial counsel’s actions.”  Salinas, 163 S.W.3d at 740 (quoting Mallett, 65 S.W.3d at 63).

The
second prong of Strickland requires a showing that counsel’s errors were
so serious that they deprived the defendant of a fair trial, i.e., a trial
whose result is reliable.  Strickland,
466 U.S. at 687, 104 S. Ct. at 2064.  In other words, appellant must show there is a
reasonable probability that, but for counsel’s unprofessional errors, the
result of the proceeding would have been different.  Id. at 694, 104 S. Ct.
at 2068.

In
many cases, we are unable to determine whether counsel’s actions were grounded
in sound trial strategy because the record is silent as to possible trial
strategies.  In this case, however, the
record unequivocally demonstrates that counsel’s trial strategy was to convince
the jury that it was not in Mike’s and Jessy’s best interests to have their
parent-child relationship with Mother terminated.  Counsel’s strategy thus entailed challenging
an essential element of the termination proceeding.[4]  It is further clear from the record that
trial counsel strategically introduced evidence that since the February 23,
2009 order establishing the actions necessary for Mother to obtain the return
of Mike and Jessy, Mother had made some progress on her service plan; found
suitable housing; entered into a stable relationship; planned to get married;
stopped using controlled substances; quit dancing at a men’s club; and had been
caring for her youngest child, who is not subject to this suit.



Considering that the trial
court had previously found by clear and convincing evidence that Mother had
both endangered and left Mike and Jessy in endangering surroundings, counsel
could have reasonably concluded that it would have been disingenuous to contest
the section 161.001(1)(D) and (E) grounds—the jury was
still required to find by clear and convincing evidence that termination was in
Mike’s and Jessy’s best interests.  See
Tex. Fam. Code Ann. § 161.001(2). 
Further, trial counsel repeatedly contested that Mother had failed to
follow the trial court’s order which, if followed, would have allowed Mike and
Jessy to be returned to her.  Mother has failed to rebut the strong
presumption that counsel’s conduct fell within the wide range of reasonable
representation.  Consequently, Mother has
failed to meet her burden under the first Strickland prong.  See Salinas, 163
S.W.3d at 740; Mallett,
65 S.W.3d at 63.  We overrule Mother’s
fourth issue.

IV.  Conclusion

Having
overruled each of Mother’s four issues, we affirm the trial court’s order.

 

 

 

BILL MEIER
JUSTICE

 

PANEL:  DAUPHINOT, GARDNER,
and MEIER, JJ.

 

DELIVERED:  December 23, 2010











[1]See Tex. R. App. P. 47.4.





[2]
We use aliases to refer to the children involved in this case and “Mother” to
refer to their biological parent.  See Tex. R. App. P. 9.8(b)(2).





[3]Mother
argues that because the appellees only discussed the best interest prong under
Texas Family Code 161.001 during voir dire and did not discuss or question the
jury panel regarding Texas Family Code 161.004,
appellees somehow waived or abandoned the issue.  Mother cites no authority for her position
that not addressing an issue in voir dire is tantamount to abandonment of a
claim.  Even though we do not address the
merits of this issue, this court notes that the issue was pleaded, litigated by
counsel for all sides, and submitted to the jury in the jury charge.





[4]In
proceedings to terminate the parent-child relationship brought under section
161.001 of the family code, the petitioner must establish one ground listed
under subdivision (1) of the statute and must also prove that
termination is in the best interest of the child.  Tex. Fam. Code Ann. § 161.001(1),
(2); In re J.L., 163
S.W.3d 79, 84 (Tex. 2005).