**Opinion issued December 7, 2012**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-12-00464-CV

_____

## IN THE INTEREST OF J.L. AND A.E., CHILDREN

**On Appeal from the 313th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-03655J**

## MEMORANDUM OPINION

Appellant J.R. attempts to appeal from the trial court's final decree terminating her parental rights to J.L. and A.E., the minor children made the subject of this suit, and granting sole managing conservatorship of the children to the Department of Family and Protective Services.[1]

---

[1]    To protect the identity of the minor children, we refer to appellant and the children by initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2012); TEX. R. APP. P. 9.8.

An appeal from a final order terminating parental rights is governed by the Texas Rules of Appellate Procedure for accelerated appeals. TEX. FAM. CODE ANN. §§ 109.002(a), 263.405(a) (West Supp. 2012). In an accelerated appeal, absent a motion to extend time under Rule of Appellate Procedure 26.3, "the deadline for filing a notice of appeal is strictly set at twenty days after the judgment is signed, with no exceptions. . . ." *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005); *see* TEX. R. APP. P. 26.1(b). "Filing a motion for new trial, any other post-trial motion, or a request for findings of fact will not extend the time to perfect an accelerated appeal." TEX. R. APP. P. 28.1(b). A motion for extension of time to file the notice of appeal, if any, must be filed within fifteen days after the twenty-day deadline for filing a notice of appeal. *See* TEX. R. APP. P. 26.3; *K.A.F.*, 160 S.W.3d at 927. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the 15-day extension period provided by Rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997).

Because the trial court signed the final decree on April 4, 2012, appellant's notice of appeal was due by April 24, 2012. Appellant did not file her notice of appeal until May 10, 2012, which was thirty-six days after the decree was signed. Hence, appellant's notice of appeal was not timely filed. *See K.A.F.*, 160 S.W.3d

2

at 927. Further, appellant did not file a motion to extend time to file her notice of appeal and did not file her notice of appeal within the *Verburgt* period. *See* TEX. R. APP. P. 26.3; *Verburgt*, 959 S.W.2d at 617–18.

In the absence of a timely notice of appeal, we lack jurisdiction over the appeal and therefore can take no action other than to dismiss the appeal. *See* TEX. R. APP. P. 25.1; *K.A.F.*, 160 S.W.3d at 927; *Verburgt*, 959 S.W.2d at 617.

On October 22, 2012, we notified appellant that her appeal was subject to dismissal for want of jurisdiction unless she filed a response showing grounds for continuing the appeal. *See* TEX. R. APP. P. 42.3(a). Appellant, through her appointed counsel, filed a response stating that, based on a review of the complete record and the governing law, the Court does not have jurisdiction to consider the appeal.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Chief Justice Radack and Justices Bland and Huddle.

3