**Opinion issued December 20, 2012**



In The

# Court of Appeals

For The

# First District of Texas

————————

## NO. 01-11-00564-CV

————————

**ALOYSIUS DUY-HUNG HOANG, TERESA BICH-NGOC HOANG, CAVATINA KHANH TROUNG, SKYBIRD NGUYEN, AND HOC NHU PHAN, Appellants**

**V.**

**VIETNAMESE COMMUNITY OF HOUSTON & VICINITIES, INC., AND PETER D. TRAN, NAM VAN NGUYEN, THE KIM HOANG, AND TUYEN NGOC BUI, Appellees**

On Appeal from the 334th District Court
Harris County, Texas
Trial Court Cause No. 1075173

**MEMORANDUM OPINION**

Appellants, Aloysius Duy-Hung Hoang, Teresa Bich-Ngoc Hoang, Cavatina Khanh Troung, Skybird Nguyen, and Hoc Nhu Phan, filed "an interlocutory appeal [from] the [trial court's] ruling denying Defendants' Motion To Strike and Defendants' Motion to Clarify." We dismiss the appeal for lack of jurisdiction.

Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). We have jurisdiction to hear interlocutory appeals only if authorized by statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West Supp. 2012); *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352–53 (Tex. 2001).

The trial court has not signed a final judgment in this case. Appellants have brought an interlocutory appeal from the trial court's order denying their motion to strike appellee Vietnamese Community of Houston & Vicinities Inc. as a party to the petition in the underlying suit. Appellants have not directed us to any authority, and we have found none, providing for an interlocutory appeal from the trial court's order on the motion to strike. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a).

Even if the appeal was authorized, however, appellants' notice of appeal was not timely filed. An interlocutory appeal is an accelerated appeal. *See* TEX. R. APP. P. 28.1(a). "[I]n an accelerated appeal, absent a [motion to extend time], the deadline for filing a notice of appeal is strictly set at twenty days after the judgment

2

is signed, with no exceptions. . . ." *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005); *see* TEX. R. APP. P. 26.1(b), 26.3.

Because the trial court signed the order denying appellants' motion to strike on April 25, 2011, appellants' notice of appeal was due 20 days later, on May 16, 2011. *See* TEX. R. APP. P. 26.1(b). Appellants filed their notice of appeal on June 8, 2011, which was 44 days after the trial court signed the order on the motion to strike. Hence, appellants' notice of appeal was not timely filed. *See K.A.F.*, 160 S.W.3d at 927.

Appellants did not file a motion to extend time to file their notice of appeal and did not file their notice of appeal during the period in which a motion for extension could be implied. *See* TEX. R. APP. P. 26.3; *K.A.F.*, 160 S.W.3d at 927; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997) (implying motion for extension when appellant, acting in good faith, files notice of appeal beyond time allowed by rule 26.1, but within 15-day extension period provided by Rule 26.3). In the absence of a timely notice of appeal, we lack jurisdiction over the attempted appeal.

Next, appellants appeal the trial court's "ruling" on their motion to clarify its order on the motion to strike. Because there is not an order or a ruling in the record before us, there is nothing to review. *See* TEX. R. APP. P. 33.1. Even if the matter

was preserved, however, appellants have not directed us to any authority, and we find none, providing for an interlocutory appeal from such an order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a).

The Court has notified the parties of its intent to dismiss the appeal for want of jurisdiction unless appellants filed a response demonstrating this Court's jurisdiction. *See* TEX. R. APP. P. 42.3(a). Appellants have not responded.

Further, appellants have neither paid the required filing fee for this appeal nor established indigence for purposes of appellate costs. *See* TEX. R. APP. P. 5 ("A party who is not excused by statute or these rules from paying costs must pay—at the time an item is presented for filing—whatever fees are required by statute or Supreme Court order."), 20.1 (listing requirements for establishing indigence); *see also* TEX. GOV'T CODE ANN. § 51.207 (West Supp. 2012), § 51.941(a) (West 2005), § 101.041 (West Supp. 2012); Order Regarding Fees Charged in Civil Cases, Misc. Docket No. 07-9138 (Tex. Aug. 28, 2007), *reprinted in* TEX. R. APP. P. app. A § B(1). The filing fee was due on July 21, 2011. After being notified that this appeal was subject to dismissal for want of prosecution, appellants did not respond. *See* TEX. R. APP. P. 5 (allowing enforcement of rule); 42.3(b), (c) (allowing involuntary dismissal of case).

We dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Bland and Huddle.