**In the Interest of K.A.F., a child.**
No. 04–0493.

Supreme Court of Texas.

Argued Feb. 16, 2005.

Decided April 8, 2005.

Rehearing Denied May 13, 2005.

Clinard J. Hanby, Robert B. Kalish, Laura Kalish, The Woodlands, Bruce K. Thomas, Law Office of Bruce K. Thomas, Dallas, for petitioner Susan Carroll Capps.

Ronnie Jo Cohee, Richard J. Clarkson, Beaumont, for respondent Louis Faucheaux.

Rod J. Paasch, Nederland, for other interested party K.A.F.

Justice O'NEILL delivered the opinion of the Court.

In this case, we must decide whether the rules of appellate procedure permit post-judgment motions to extend the appellate deadline for filing an accelerated appeal. We hold that they do not. We further hold that filing a motion for new trial may not be considered a bona fide attempt to invoke the appellate court's jurisdiction. Accordingly, we affirm the court of appeals' judgment.

I

Louis Faucheaux petitioned the trial court to involuntarily terminate Susan Carroll's [1] parental rights to their daughter, K.A.F. The jury found that Carroll's rights should be terminated, and the trial court signed a final order of termination on November 3, 2003. On November 10, 2003, Carroll filed a "Motion for New Trial: Alternatively, Motion to Modify the Judgment," which the trial court denied a week later. Carroll filed a notice of appeal on January 16, 2004, seventy-four days after the trial court signed its final order.

The court of appeals dismissed the appeal for want of jurisdiction, holding that, because Carroll's notice of appeal was filed more than twenty days after the judgment was signed, the notice was untimely under Texas Rule of Appellate Procedure 26.1(b), which governs accelerated appeals and applies to parental rights termination cases. —— S.W.3d ——, ——, 2004 WL 527024, *1. We granted Carroll's petition for re-

view to determine whether the court of appeals' dismissal was proper.

II

Texas Rule of Appellate Procedure 26.1 sets out the time to perfect an appeal in civil cases:

## RULE 26. TIME TO PERFECT APPEAL

### 26.1. Civil Cases

The notice of appeal must be filed within 30 days after the judgment is signed, except as follows:

(a) the notice of appeal must be filed within 90 days after the judgment is signed if any party timely files:

(1) a motion for new trial;

(2) a motion to modify the judgment;

(3) a motion to reinstate under Texas Rule of Civil Procedure 165a; or

(4) a request for findings of fact and conclusions of law if findings and conclusions either are required by the Rules of Civil Procedure or, if not required, could properly be considered by the appellate court;

(b) in an accelerated appeal, the notice of appeal must be filed within 20 days after the judgment or order is signed;

(c) in a restricted appeal, the notice of appeal must be filed within six months after the judgment or order is signed; and

(d) if any party timely files a notice of appeal, another party may file a notice of appeal within the applicable period stated above or 14 days after the first filed notice of appeal, whichever is later.

Tex.R.App. P. 26.1. With this rule in place, the Legislature enacted section

---

**1.** In the trial court and court of appeals, Ms. Carroll was referred to as Susan Carroll Capps. In her filings in this Court, she states

that she is now known as Susan Carroll; we will refer to her accordingly.

109.002 of the Family Code, which provides in pertinent part:

> An appeal in a suit in which termination of the parent-child relationship is in issue shall be given precedence over other civil cases and shall be accelerated by the appellate courts. The procedures for an accelerated appeal under the Texas Rules of Appellate Procedure apply to an appeal in which the termination of the parent-child relationship is in issue.

Tex. Fam.Code § 109.002(a). Thus, rule 26.1(b) applies to an appeal in a parental rights termination case and requires that the notice of appeal be filed within twenty days after a judgment or order is signed. Tex.R.App. P. 26.1(b).

Carroll argues, however, that although rule 26.1(b) governs accelerated appeals and sets a twenty-day deadline, rule 26.1(a) should operate to extend the filing deadline to ninety days, even in an accelerated appeal, when a timely motion to modify the judgment is filed. To support her interpretation, Carroll cites rules 28.1 and 28.2, which provide that appeals from interlocutory orders and quo warranto proceedings are accelerated and that "[f]iling a motion for new trial will not extend the time to perfect the appeal." Tex.R.App. P. 28.1, 28.2. From this language, Carroll infers that filing one of the other post-judgment motions listed in rule 26.1(a), like a motion to modify the judgment, *will* extend the time to perfect an appeal from those two types of judgments. Carroll then argues that a similar rule should apply to other types of accelerated appeals and that her timely filed motion to modify the judgment thus extended the appellate deadline to ninety days.

█ We find this argument unpersuasive for several reasons. First, the language of rule 26.1(b) is clear and contains no exceptions to the twenty-day deadline. Second, rules 28.1 and 28.2 specifically apply only to interlocutory orders and quo

warranto proceedings, respectively. Finally, as discussed below, before the procedural rules were amended in 1997, it was clear that there was no exception to the accelerated-appeal deadline, and we find no indication that such a major change was intended.

Prior to 1997, the deadlines for perfecting ordinary and accelerated appeals were governed by different rules. Rule 41, governing ordinary appeals, provided:

## RULE 41. ORDINARY APPEAL—WHEN PERFECTED

**(a) Appeals in Civil Cases.**

(1) *Time to Perfect Appeal.* When security for costs on appeal is required, the bond or affidavit in lieu thereof shall be filed with the clerk within thirty days after the judgment is signed, or, within ninety days after the judgment is signed if a timely motion for new trial has been filed by any party or if any party has timely filed a request for findings of fact and conclusions of law in a case tried without a jury. If a deposit of cash is made in lieu of bond, the same shall be made within the same period.

Former Tex.R.App. P. 41(a)(1) (1986, amended 1997). Despite the rule's specific reference to motions for new trial and requests for findings of fact and conclusions of law, the courts of appeals were almost entirely uniform in holding that *any* motion requesting a substantive change in the judgment would operate to extend the appellate timetable. *Ramirez v. Williams Bros. Constr. Co.,* 870 S.W.2d 551, 552 (Tex.App.-Houston [1st Dist.] 1993, no writ) (per curiam) (citing *U.S. Fire Ins. Co. v. State,* 843 S.W.2d 283, 284 (Tex.App.-Austin 1992, writ denied), *Miller Brewing Co. v. Villarreal,* 822 S.W.2d 177, 179 (Tex.App.-San Antonio 1991), *rev'd on other grounds,* 829 S.W.2d 770 (Tex.1992), *Home Owners Funding Corp. v. Scheppler,* 815 S.W.2d 884, 887 (Tex.App.-Corpus Christi 1991, no writ), and *Brazos*

*Elec. Power Coop., Inc. v. Callejo,* 734 S.W.2d 126, 129 (Tex.App.-Dallas 1987, no writ)). *Contra First Freeport Nat'l Bank v. Brazoswood Nat'l Bank,* 712 S.W.2d 168, 170 (Tex.App.-Houston [14th Dist.] 1986, no writ).

Rule 42, which governed accelerated appeals, provided:

### RULE 42. ACCELERATED APPEALS IN CIVIL CASES

#### (a) Mandatory Acceleration.

(1) Appeals from interlocutory orders (when allowed by law) shall be accelerated. In appeals from interlocutory orders, no motion for new trial shall be filed. . . .

(2) Appeals in quo warranto proceedings shall be accelerated. In quo warranto, the filing of a motion for new trial shall not extend the time for perfecting the appeal. . . .

(3) In all accelerated appeals from interlocutory orders and in quo warranto proceedings, the bond, or the notice or affidavit in lieu thereof, shall be filed, or the deposit in lieu of bond shall be made, within twenty days after the judgment or order is signed. . . .

Former Tex.R.App. P. 42(a) (1986, amended 1997). The pre–1997 rules thus provided that, while certain post-judgment motions would extend the appellate deadlines in ordinary appeals, such motions, to the extent they were permitted to be filed at all, did not affect the twenty-day deadline for accelerated appeals.

In 1997, the rules were amended. Former rule 41 is now rule 26, and former rule 42, with the exception of the deadlines to perfect the appeals, is now rule 28. The comments to the amended rules help clarify what substantive changes were intended. The rule 26 (appellate deadlines) comment notes simply:

This is former Rule 41. All times for perfecting appeal in civil cases—including the time for perfecting a restricted appeal—are stated. An extension of time is available for all appeals. The provisions of former Rule 41(c) regarding prematurely filed documents are moved to Rule 27. Nonsubstantive changes are made in the rule for criminal cases.

Tex.R.App. P. 26 cmt. The rule 28 (accelerated appeals) comment states:

This is former Rule 42. A motion for new trial is now permitted in an appeal from an interlocutory order, but it does not extend the time to perfect appeal. The deadlines for filing items in an accelerated appeal are moved to other rules. *See* Rules 26.1, 35.1 [appellate record] and 38.6 [appellate briefs]. Former Rule 42(b), regarding discretionary acceleration, is omitted as unnecessary. *See* Rule 40.1. The provision in former Rule 42(c) allowing the court to shorten the time to file briefs is omitted as unnecessary. *See* Rule 38.6.

Tex.R.App. P. 28 cmt. Thus, the key changes with regard to the deadline for perfecting appeals were: (1) all deadlines for perfecting appeals in civil cases were moved to a single rule (rule 26); (2) an extension of time was made available for all appeals on proper motion to the court of appeals, *see* Tex.R.App. P. 26.3; and (3) motions for new trial could now be filed in interlocutory appeals, but, as was already the case in quo warranto proceedings, such motions would not extend the appellate deadlines.

■ We find nothing in either the language of the amended rules or the comments thereto that would support Carroll's interpretation, which would have constituted a major change from the pre–1997 version. Significantly, the fact that former rule 42 specifically provided that filing a motion for new trial would not extend the deadline in quo warranto proceedings did *not* imply that filing other post-judgment motions would extend the deadline. For-

mer Tex.R.App. P. 41, 42. We see no reason to read such an implication into the same language in the amended rules. In an ordinary civil appeal in which the deadline to file the notice of appeal is otherwise thirty days after the judgment or order is signed, filing one of the post-judgment motions identified in rule 26.1(a) extends the deadline to ninety days. But we hold that in an accelerated appeal, absent a rule 26.3 motion, the deadline for filing a notice of appeal is strictly set at twenty days after the judgment is signed, with no exceptions, and filing a rule 26.1(a) motion for new trial, motion to modify the judgment, motion to reinstate, or request for findings of fact and conclusions of law will not extend that deadline. Allowing such post-order motions to automatically delay the appellate deadline is simply inconsistent with the idea of accelerating the appeal in the first place. Because Carroll did not file a motion for extension of time under rule 26.3 and her notice of appeal was not filed within twenty days after the trial court signed the final order terminating her parental rights, her notice of appeal was untimely and failed to invoke the jurisdiction of the court of appeals.

### III

■ We turn to Carroll's alternative argument that, even if her notice of appeal was untimely, her motion for new trial, which was filed within twenty days after the judgment was signed, was sufficient in itself to perfect an appeal. The court of appeals did not address this argument.

■ Carroll relies on the well-settled proposition that a court of appeals has jurisdiction over an appeal if the appellant timely files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction. *E.g., Grand Prairie Indep. Sch. Dist. v. S. Parts Imps., Inc.,* 813 S.W.2d 499, 500 (Tex.1991); *see also Verburgt v. Dorner,* 959 S.W.2d 615, 616 (Tex. 1997) (reaffirming the principle that "ap-

pellate courts should not dismiss an appeal for a procedural defect whenever any arguable interpretation of the Rules of Appellate Procedure would preserve the appeal"). In support of her specific contention that a motion for new trial can operate to perfect an appeal, Carroll cites *In re M.A.H.,* 104 S.W.3d 568, 570 (Tex.App.-Waco 2002, no pet.). There, the court held, as we do today, that the mother's motion for new trial did not extend the due date for her notice of appeal. *Id.* at 569. But a divided court held that the appellant's motion for new trial could be treated as an instrument that was filed in a "bona fide attempt" to invoke the court's jurisdiction. *Id.* That holding has been criticized by a number of other appellate courts, with whom we agree. *C. Chambers Enters. v. 6250 Westpark, LP,* 97 S.W.3d 333, 334 (Tex.App.-Houston [14th Dist.] 2003, pet. denied); *In re J.N.W.,* 2003 WL 21255637 (Tex.App.-Tyler 2003, no pet.); *Lane v. Burkett,* No. 13–04–290–CV, 2004 WL 1687913 at *1 (Tex.App.-Corpus Christi July 29, 2004, no pet.).

In *Grand Prairie,* we held that a court of appeals may not dismiss an appeal in which the appellant filed the wrong instrument required to perfect the appeal without giving the appellant an opportunity to correct the error, as long as the instrument was timely filed in a bona fide attempt to invoke the appellate court's jurisdiction. 813 S.W.2d at 500. Filing a motion for new trial, however, simply does not qualify as such an attempt. As the dissent noted in *In re M.A.H.,*

[S]eldom, if ever, could a motion for new trial be intended to invoke [the court of appeals'] jurisdiction, because the express purpose of a motion for new trial is just that, to have the trial court order a new trial, not to obtain appellate review of the judgment. Even if ... a motion for new trial was a necessary predicate to bring an issue on appeal, the motion for new trial would have

been properly characterized as a prerequisite to an appeal, not an effort to invoke appellate jurisdiction.

104 S.W.3d at 571 (Gray, J., dissenting); *see also Besing v. Moffitt*, 882 S.W.2d 79, 82 (Tex.App.-Amarillo 1994, no writ) (filing a request for findings of fact and conclusions of law insufficient to perfect an appeal under *Grand Prairie* ). Though there are myriad reasons why a party might file a motion for new trial, we fail to see how invoking the court of appeals' jurisdiction could reasonably be considered one of them. Indeed, because filing a motion for new trial *extends* the deadline to file a notice of appeal in most civil cases, Tex. R.App. P. 26.1(a), a motion for new trial logically cannot also serve as a *substitute* for a notice of appeal.

■ We conclude that a motion for new trial is not an instrument that may be considered a bona fide attempt to invoke the appellate court's jurisdiction under the *Grand Prairie* and *Verburgt* line of cases. We therefore hold that, although Carroll's motion for new trial was timely filed and preserved her request for a second chance in the trial court, it did not operate to timely perfect her appeal.

### IV

■ Finally, Carroll raises two constitutional issues should we hold, as we have, that her appeal was untimely. First, Carroll contends she received ineffective assistance of counsel and should be allowed to pursue an out-of-time appeal. Second, she argues section 109.002 of the Family Code, which provides that appeals in parental rights termination cases shall be accelerated and governed by the rules of appellate procedure for accelerated appeals, is unconstitutional as applied. However, Carroll waived these arguments by failing to raise them in the court of appeals.

After the court of appeals informed Carroll that her appeal was untimely, she filed a "Brief on the Issue of Jurisdiction" in the court of appeals. She also filed a motion for rehearing after the court dismissed her appeal. In none of her filings with the court of appeals did Carroll raise any constitutional arguments. We have held that the rules governing error preservation must be followed in cases involving termination of parental rights, as in other cases in which a complaint is based on constitutional error. *In re B.L.D.*, 113 S.W.3d 340, 350–51 (Tex.2003) (fundamental-error doctrine does not apply to procedural preservation rules, nor does due process require appellate review of unpreserved complaints in parental rights termination cases); *Tex. Dep't of Protective & Regulatory Servs. v. Sherry*, 46 S.W.3d 857, 861 (Tex.2001) (failure to assert constitutional claim in trial court bars appellate review of claim). While Carroll's constitutional complaints relate to her appeal and therefore could not have been asserted in the trial court, she was required to raise them in the court of appeals in order to preserve error. Because she did not, her constitutional complaints are waived.

\*     \*     \*     \*     \*     \*

We hold that, when an appeal is accelerated, the deadline for filing a notice of appeal under Texas Rule of Appellate Procedure 26.1(b) is twenty days after the judgment or order is signed, and the post-judgment motions listed in Texas Rule of Appellate Procedure 26.1(a) will not operate to extend the appellate deadline. We also hold that filing a motion for new trial does not constitute a bona fide attempt to invoke the court of appeals' jurisdiction for purposes of perfecting an appeal. Accordingly, we affirm the court of appeals' judgment dismissing the appeal for want of jurisdiction.