## In The Interest of R.B.M., L.F.M., M.L.M., P.M.M., and A.D.M., Children.

### No. 14–10–00852–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 21, 2011.

William M. Thursland, Houston, for appellant.

Sandra D. Hachem, Houston, for appellee.

Panel consists of Justices ANDERSON, BROWN, and CHRISTOPHER.

## OPINION

TRACY CHRISTOPHER, Justice.

This is an attempted appeal from a judgment signed July 13, 2010, terminating the parental rights of Luis Damian Mendez to his children, R.B.M., L.F.M., M.L.M., P.M.M., and A.D.M. Appellant's notice of appeal was filed September 1, 2010.

A motion for new trial was timely filed but this is an accelerated appeal. *See* Tex. Fam.Code Ann. § 109.002 (West 2008). A motion for new trial will not operate to extend the appellate timetable in an accelerated appeal. *In the Interest of K.A.F.*, 160 S.W.3d 923, 928 (Tex.2005). Appellant's notice of appeal was therefore due August 2, 2010. *See* Tex.R.App. P. 26.1(b). The fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time ended August 17, 2010. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (1997) (construing the predecessor to Rule 26); Tex.R.App. P. 26.3. Appellant's notice of appeal was not filed within that period.

Notification was transmitted to all parties of the court's intention to dismiss the appeal for want of jurisdiction. *See* Tex. R.App. P. 42.3(a). Because appellant's response fails to demonstrate that this Court has jurisdiction to entertain the appeal, we dismiss.

Appellant argues we have jurisdiction because he timely filed an instrument in a bona fide attempt to invoke the appellate

court's jurisdiction. *See Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports, Inc.*, 813 S.W.2d 499, 500 (Tex.1991). Appellant refers to three instruments that he claims were clearly intended to invoke our jurisdiction: (1) his Motion for New Trial and Statement of Appellate Points; (2) an Order with Findings per Hearing Under Section 263.405 of the Texas Family Code; and (3) his affidavit of indigence.

■ Appellant concedes the Supreme Court of Texas has held a motion for new trial does not constitute a bona fide attempt to invoke the appellate court's jurisdiction. *In re K.A.F.*, 160 S.W.3d at 927–28. In doing so, the court noted the express purpose of a motion for new trial is to have the trial court order a new trial, not to obtain appellate review of the judgment. *Id.* at 927–28. Further, the fact that a motion for new trial is a prerequisite to bringing certain issues on appeal is an issue of preservation, not jurisdiction. *See id.*

■ Because the appellant in *In re K.A.F.* only filed a motion for new trial, the court did not address whether a statement of appellate points would suffice to invoke appellate jurisdiction. However, like a motion for new trial, a statement of appellate points is not jurisdictional. *See In re J.H.G.*, 302 S.W.3d 304, 306 (Tex. 2010). The statement of appellate points informs the trial court in making its determination whether an appeal is frivolous.[1] *See* Tex. Fam.Code § 263.405(d) (West 2008). It is also the requisite means of preserving an issue for appeal.[2] *See* Tex. Fam.Code § 263.405(i) (West 2008). The

satisfaction of prerequisites to appeal is not the same as invoking appellate jurisdiction. We find the reasoning in *In re K.A.F.* applies equally to a statement of points and therefore it is not an instrument that constitutes a bona fide attempt to perfect an appeal.

The "Order with Findings per Hearing Under Section 263.405 of the Texas Family Code" is not an instrument clearly intended to invoke our jurisdiction. The order was entered by the trial court, not filed by the appellant, and contains the trial court's ruling denying appellant's motion for new trial, finding appellant indigent, and finding that appellant's statement of points on appeal is not frivolous. The purpose of the order is to allow appellant to proceed on appeal without payment of costs, it is not an invocation of the right to appeal.

■ Likewise, appellant's affidavit of indigency is not an instrument that is filed to invoke the appellate court's jurisdiction. The affidavit concerns the separate question of whether appellant must pay costs in advance. *See In re J.W.*, 52 S.W.3d 730, 733 (Tex.2001) (per curiam) ("Although an affidavit of indigence is no longer used to invoke appellate jurisdiction, it is no less essential to an appeal, for if a contest to the affidavit is sustained, the appellant must either pay for the appellate record to be prepared and filed or suffer dismissal of the appeal."). We therefore find that none of these three instruments constitute a bona fide attempt to invoke our jurisdiction.

Appellant further claims trial counsel's failure to file a notice of appeal constituted ineffective assistance.[3] This court, howev-

---

**1.** An indigent appellant is not entitled to proceed without payment of costs if the appeal is frivolous. Tex. Civ. Prac. & Rem.Code § 13.003(b) (West 2002).

**2.** The recognized exceptions being a claim of ineffective assistance of counsel and sufficien-

cy of the evidence to support the termination order. *See In re J.O.A.*, 283 S.W.3d 336, 339 (Tex.2009).

**3.** The notice of appeal was due by August 3, 2010, appellate counsel was not appointed until August 10, 2010, and the order appoint-

er, does not have jurisdiction to consider any appeal unless our jurisdiction has been timely invoked. *See In re K.A.F.*, 160 S.W.3d at 928. We are aware of no authority allowing an appeal to continue because of ineffective assistance of counsel in failing to timely file the appeal. Although the higher court may grant an out-of-time appeal on these grounds, we may not suspend the rules to alter the time to perfect a civil appeal. *See id.* (claim that appellant should be allowed to pursue on out-of-time appeal on grounds of ineffective assistance had not been preserved by raising it in the court of appeals); and Tex.R.App. P. 2.

For these reasons, we dismiss the appeal for want of jurisdiction.

ing counsel was not signed until September 1,      2010.