**Opinion issued July 26, 2012.**



In The

# Court of Appeals

### For The

# First District of Texas

———————————

## NO. 01-11-00395-CV

———————————

## IN THE INTEREST OF J.G. AND L.H.

**On Appeal from the 314th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2007-02434J-A**

## MEMORANDUM OPINION

Appellant, Rachael Marie Green, attempts to appeal from the trial court's final decree terminating her parental rights to one of the minor children made the subject of this suit. We dismiss the appeal.

An appeal from a judgment terminating parental rights is an accelerated appeal. TEX. FAM. CODE ANN. §§ 109.002(a), 263.405(a) (West Supp. 2011). In an

accelerated appeal, absent a motion to extend time under Texas Rule of Appellate Procedure 26.3, "the deadline for filing a notice of appeal is strictly set at twenty days after the judgment is signed, with no exceptions . . . ." *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005); *see* TEX. R. APP. P. 26.1(b). If a motion for extension of time to file the notice of appeal is timely filed, the deadline for filing a notice of appeal is extended by fifteen days, to thirty-five days after the judgment is signed. *See* TEX. R. APP. P. 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Filing a motion for new trial does not extend the appellate deadlines in an accelerated appeal. *See K.A.F.*, 160 S.W.3d at 927, 928; *In re R.B.M.*, 338 S.W.3d 755, 756 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

Because the trial court signed the decree on March 10, 2011, appellant's notice of appeal was due by March 30, 2011. Appellant, proceeding pro se, filed her notice of appeal on May 12, 2011, which was sixty-three days after the decree was signed. Hence, appellant's notice of appeal was untimely. *See* TEX. R. APP. P. 26.1(b), 26.3; *K.A.F.*, 160 S.W.3d at 927.

On February 10, 2012, we notified appellant that her appeal was subject to dismissal for want of jurisdiction unless she filed a written response by March 9, 2012 showing how this Court has jurisdiction over this appeal. *See* TEX. R. APP. P. 42.3(a) (allowing involuntary dismissal of case after notice). On March 9, 2012,

appellant, through her appointed counsel, filed a response stating that, based on a review of the complete record and the governing law, the Court does not have jurisdiction to consider the appeal.[1]

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f); *see K.A.F.*, 160 S.W.3d at 927 (holding that untimely notice of appeal failed to invoke jurisdiction of appellate court); *R.B.M.*, 338 S.W.3d at 756, 758 (dismissing appeal in parental termination case for want of jurisdiction when notice of appeal was untimely).

---

[1] Appellant had previously moved to abate the appeal for a determination of whether appellant's trial counsel rendered ineffective assistance by failing to properly assist appellant in perfecting her appeal and whether appellant's failure to timely file her notice of appeal was therefore excused. On August 9, 2011, we granted the motion, abated the appeal, and remanded the case to the trial court to allow appellant to develop a record of whether appellant's counsel was ineffective and whether appellant's late notice of appeal should be excused. *See In re K.A.F.*, 160 S.W.3d 923, 928 (Tex. 2005) (holding, after appellant argued she was entitled to out-of-time appeal based on ineffective assistance of counsel, that appellant waived ineffective assistance of counsel claim by failing to raise it in appellate court); *In re R.B.M.*, 338 S.W.3d 755, 758 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (stating that Texas Supreme Court may grant out-of-time appeal in parental termination case); *but see In re DeLeon*, No. 04-04-00434-CV, 2004 WL 1453489, *1 (Tex. App.—San Antonio June 30, 2004, orig. proceeding) ("We are unaware of an instance where the Texas Supreme Court has granted an out-of-time appeal in a parental termination case."); *In re W.J.B.*, No. 11-03-00407-CV, 2004 WL 1174875, *2 (Tex. App.—Eastland May 27, 2004, no pet.) ("We have not found an instance where the Texas Supreme Court has granted an out-of-time appeal in a parental rights termination case."). The trial court found that counsel was not ineffective and that appellant's untimely filing of her notice of appeal was not excused. Regardless, "[w]e are aware of no authority allowing an appeal to continue because of ineffective assistance of counsel in failing to timely file the appeal," and "we may not suspend the rules to alter the time to perfect a civil appeal." *R.B.M.*, 338 S.W.3d at 758; *see* TEX. R. APP. P. 2.

## PER CURIAM

Panel consists of Justices Higley, Sharp, and Huddle.