**Opinion issued August 27, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00510-CV

———————————

## GIOVANNY LAGUAN, Appellant

## V.

## HILLARY J. LLOYD AND KIMBERLY A. LLOYD, Appellees

On Appeal from the 240th District Court
Fort Bend County, Texas
Trial Court Case No. 12-DCV-202692

## MEMORANDUM OPINION

Appellant, Giovanny Laguan, attempts to appeal from the trial court's order granting a temporary injunction against him and in favor of Hillary J. Lloyd and Kimberly A. Lloyd.  We dismiss the appeal.

An appeal from an order granting a temporary injunction is an accelerated appeal. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (West Supp. 2012); TEX. R. APP. P. 28.1(a). In an accelerated appeal, absent a motion to extend time under Texas Rule of Appellate Procedure 26.3, "the deadline for filing a notice of appeal is strictly set at twenty days after the judgment is signed, with no exceptions . . . ." *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005); *see* TEX. R. APP. P. 26.1(b). If a motion for extension of time to file the notice of appeal is timely filed, the deadline for filing a notice of appeal is extended by fifteen days, to thirty-five days after the judgment is signed. *See* TEX. R. APP. P. 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Filing a motion for new trial does not extend the appellate deadlines in an accelerated appeal. *See K.A.F.*, 160 S.W.3d at 927, 928; *In re R.B.M.*, 338 S.W.3d 755, 756 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

Because the trial court granted the temporary injunction on March 27, 2013, Laguan's notice of appeal was due by April 16, 2013. Laguan, proceeding pro se, filed his notice of appeal on June 17, 2013, which was eighty-two days after the temporary injunction was granted. Hence, Laguan's notice of appeal was untimely. *See* TEX. R. APP. P. 26.1(b), 26.3; *K.A.F.*, 160 S.W.3d at 927.

On July 11, 2013, we notified Laguan that his appeal was subject to dismissal for want of jurisdiction unless he filed a written response showing how

2

this Court has jurisdiction over this appeal. *See* TEX. R. APP. P. 42.3(a) (allowing involuntary dismissal of case after notice). On August 5, 2013, Laguan filed a motion in response to our notice, contending that the trial court "signed into order a ruling saying that" he could appeal the temporary injunction on March 30, 2013 and requesting that we retain jurisdiction over this case. This response neither demonstrates that Laguan's notice of appeal was timely nor shows that we have jurisdiction over this appeal.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f); *see K.A.F.*, 160 S.W.3d at 927 (holding that untimely notice of appeal failed to invoke jurisdiction of appellate court); *R.B.M.*, 338 S.W.3d at 756, 758 (dismissing appeal for want of jurisdiction when notice of appeal was untimely). We dismiss any pending motions as moot.

**PER CURIAM**


Panel consists of Justices Keyes, Higley, and Bland.