Opinion issued January 6, 2015



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-14-00148-CV

_____

**GLEN RUST, Appellant**

**V.**

**THE APPRAISAL REVIEW BOARD OF HARRIS COUNTY APPRAISAL DISTRICT AND HARRIS COUNTY APPRAISAL DISTRICT, Appellees**

---

On Appeal from the 334th District Court
Harris County, Texas
Trial Court Case No. 2010-27949

---

## MEMORANDUM OPINION

On May 4, 2010, appellant, Glen Rust, filed a lawsuit in the trial court against the Appraisal Review Board of the Harris County Appraisal District and against the Harris County Appraisal District. On November 12, 2012, the trial court granted a plea to the jurisdiction filed by the Appraisal Review Board and

dismissed Rust's claims against the Appraisal Review Board, leaving the claims against the Harris County Appraisal District pending. On February 17, 2014, Rust filed a notice of appeal in the trial court, attempting to appeal from the trial court's November 12, 2012 order. We dismiss the appeal.

An appeal from an interlocutory order granting a plea to the jurisdiction filed by a governmental unit is an accelerated appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2014); TEX. R. APP. P. 28.1(a) (defining accelerated appeal to include appeals from interlocutory orders). In an accelerated appeal, absent a motion to extend time under Texas Rule of Appellate Procedure 26.3, "the deadline for filing a notice of appeal is strictly set at twenty days after the judgment is signed, with no exceptions . . . ." *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005); *see* TEX. R. APP. P. 26.1(b). If a motion for extension of time to file the notice of appeal is timely filed, the deadline for filing a notice of appeal is extended by fifteen days, to thirty-five days after the judgment is signed. *See* TEX. R. APP. P. 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Filing a motion for new trial does not extend the appellate deadlines in an accelerated appeal. *See K.A.F.*, 160 S.W.3d at 927, 928; *In re R.B.M.*, 338 S.W.3d 755, 756 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

Because the trial court signed the order dismissing Rust's claims against the Appraisal Review Board on November 12, 2012, Rust's notice of appeal was due

by December 3, 2012.  *See* TEX. R. APP. P. 4.1(a), 26.1(b).  Rust filed his notice of appeal on February 17, 2014, which was more than fourteen months after the deadline.  Hence, Rust's notice of appeal was untimely.  *See* TEX. R. APP. P. 26.1(b), 26.3; *K.A.F.*, 160 S.W.3d at 927.

On November 25, 2014, we notified Rust that his appeal was subject to dismissal for want of jurisdiction unless he filed a written response showing how this Court has jurisdiction over this appeal.  *See* TEX. R. APP. P. 42.3(a) (allowing involuntary dismissal of case after notice).  Rust failed to file an adequate response.

Accordingly, we dismiss the appeal for want of jurisdiction.  *See* TEX. R. APP. P. 42.3(a), 43.2(f); *K.A.F.*, 160 S.W.3d at 927 (holding that untimely notice of appeal failed to invoke jurisdiction of appellate court); *R.B.M.*, 338 S.W.3d at 756, 758 (dismissing appeal for want of jurisdiction when notice of appeal was untimely).  We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

3