**Opinion issued April 21, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00100-CV

————————————

## IN THE INTEREST OF S.Z.L., S.E.L., A.S.L. AKA A.L., AND Z.E.N.B.L. AKA Z.L., CHILDREN

---

**On Appeal from the 309th District Court**
**Harris County, Texas**
**Trial Court Case No. 2011-18283**

---

## MEMORANDUM OPINION

Appellant, K.E.S.-L., attempts to appeal from the trial court's final decree terminating her parental rights to her minor children. We dismiss the appeal.

An appeal from a judgment terminating parental rights is an accelerated appeal. TEX. FAM. CODE ANN. §§ 109.002(a), 263.405(a) (West 2014). In an

accelerated appeal, absent a motion to extend time under Texas Rule of Appellate Procedure 26.3, "the deadline for filing a notice of appeal is strictly set at twenty days after the judgment is signed, with no exceptions . . . ." *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005); *see* TEX. R. APP. P. 26.1(b). If a motion for extension of time to file the notice of appeal is timely filed, the deadline for filing a notice of appeal is extended by fifteen days, to thirty-five days after the judgment is signed. *See* TEX. R. APP. P. 26.3; *Doe v. Brazoria Cnty. Child Protective Servs.*, 226 S.W.3d 563, 570 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

Because the trial court signed the final decree for termination on November 17, 2011, appellant's notice of appeal was due by December 7, 2011, or by December 22, 2011, with a fifteen-day extension.[1] *See* TEX. R. APP. P. 26.1(b), 26.3. Appellant, proceeding pro se, untimely filed her notice of appeal on January 30, 2015, more than four years after the decree was signed. Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1.

---

[1]     Appellant's notice of appeal also states that she appeals from a judgment or order signed on July 26, 2012. The clerk's record filed in this Court does not include a trial court judgment or order signed on that date. This Court's records indicate that the judgment or order signed on that date refers to this Court's opinion and judgment issued on July 26, 2012. *See In the Matter of Z.E.K.B.L. aka Z.L.*, No. 01-11-01097-CV, 2012 WL 3060097 (Tex. App.—Houston [1st Dist.] July 26, 2012, no pet.) (mem. op.) (dismissing appeal for failure to pay fees or establish indigence).

On March 10, 2015, we notified appellant that her appeal was subject to dismissal for want of jurisdiction unless by March 24, 2015, she filed a written response showing how this Court has jurisdiction over this appeal. *See* TEX. R. APP. P. 42.3(a) (allowing involuntary dismissal of case after notice). Appellant failed to file an adequate response.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f); *see K.A.F.*, 160 S.W.3d at 927 (holding that untimely notice of appeal failed to invoke jurisdiction of appellate court); *In re R.B.M.*, 338 S.W.3d 755, 758 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (dismissing appeal in parental termination case for want of jurisdiction when notice of appeal was untimely).

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Huddle.