**Order filed November 17, 2016**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-16-00723-CV
_____

## IN THE INTEREST OF L.L.G., P.L.G., C.L.G., CHILDREN

**On Appeal from the 315th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2014-05822J**

## O R D E R

This is an accelerated appeal from a judgment in a suit in which the termination of the parent-child relationship is at issue. The judgment was signed August 17, 2016. The notice of appeal was due within 20 days, which was September 6, 2016. *See* Tex. R. App. P. 26.1(b), 28.4(a). Appellant filed her notice of appeal on September 14, 2016, a date within 15 days of the due date for the notice of appeal.

A motion for extension of time is necessarily implied when the perfecting instrument is filed within 15 days of its due date. *Verburgt v. Dorner,* 959 S.W.2d 615, 617 (Tex. 1997). On September 22, 2016, we ordered appellant to file a proper

motion to extend time to file the notice of appeal. The motion was due by October 3, 2016. No motion was filed.

However, appellant filed both the notice of appeal and a motion for extension in the trial court on September 14, 2016. A notice of appeal is to be filed in the trial court, but a motion to extend time to file a notice of appeal is to be filed in the court of appeals. Tex. R. App. P. 26.3. Appellant's counsel filed the motion for extension in the wrong court. The motion states that due to counsel's busy trial and appellate schedule, he did not file the notice of appeal timely. The clerk's record contains the motion but does not reflect a ruling on the motion.

A court of appeals has jurisdiction over an appeal if the appellant timely files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction. In *In re R.B.M.*, 338 S.W.3d 755, 758 (Tex. App.—Houston [14th Dist.] 2011, no pet.), also a parental termination appeal, the appellant's appointed counsel filed the notice of appeal more than 15 days after it was due. A motion for extension, therefore, would have been of no effect. Instead, appellant argued three documents demonstrated his bona fide attempt to invoke the appellate court's jurisdiction: his motion for a new trial and statement of appellate points, the trial court's order denying the motion for new trial and finding appellant indigent, and his affidavit of indigence. This court held that none of those documents evinced a bona fide attempt to invoke our jurisdiction. *See id.* at 757–58.

This case differs from *R.B.M.* in two ways. First, the notice of appeal in this case was filed within the 15-day *Verburgt* period, so a proper motion for extension would give us jurisdiction. Second, a motion for extension filed along with the notice of appeal demonstrates a bona fide attempt to invoke our jurisdiction.

Rule 2 of the Texas Rules of Appellate Procedure permits a court of appeals, on a party's motion or on its own initiative, to expedite a decision or for other good cause, to suspend a rule's operation in a particular case and order a different

procedure. Tex. R. App. P. 2. We find good cause to suspend the operation of Rule 26.3. Accordingly, we hold that the motion for extension of time appellant filed in the trial court is sufficient to invoke this court's jurisdiction.


PER CURIAM