**Dismissed and Memorandum Opinion filed December 18, 2018.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-01011-CV

---

## IN THE INTEREST OF J.Z.S., JR., J.A.S., J.S., CHILDREN

---

**On Appeal from the 311th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2016-83144**

---

## M E M O R A N D U M   O P I N I O N

This is an attempted appeal from a final decree terminating the parent-child relationship between appellant K.L.E. and her children. *See* Tex. Fam. Code Ann. § 161.001(b). The final decree was signed October 10, 2018. Appellant filed a notice of appeal November 16, 2018.

An appeal in a parental termination suit is accelerated. Tex. R. App. P. 28.4(a)(2)(A). A notice of appeal in an accelerated case must be filed within twenty days after the judgment is signed. Tex. R. App. P. 26.1(b). The deadline may be extended by fifteen days if, within that fifteen-day period, appellant files the notice

of appeal in the trial court and a motion for extension of time in the court of appeals. *See* Tex. R. App. P. 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Unlike in a non-accelerated appeal, a timely-filed post-judgment motion does not extend the deadline to file the notice of appeal in an accelerated appeal. *In re K.A.F.*, 160 S.W.3d 923, 926–27 (Tex. 2005).

Appellant's notice of appeal was due October 30, 2018 but was not filed until November 16, 2018. *See* Tex. R. App. P. 26.1(b). A court of appeals lacks jurisdiction to hear an appeal that was not timely perfected. When the court lacks jurisdiction, it must dismiss the appeal. *See Baker v. Baker*, 469 S.W.3d 269, 272 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

On November 27, 2018, we notified the parties that we would dismiss this appeal for lack of jurisdiction if no party demonstrated, by December 10, 2018, meritorious grounds for retaining the appeal. Appellant filed a response in which her attorney argues that the failure to timely file a notice of appeal was not purposeful or intended to delay appellate counsel. Counsel's affidavit notes that appellate counsel has been notified of the need to request an out-of-time appeal. This court, however, does not have jurisdiction to consider any appeal unless our jurisdiction has been timely invoked. *See In re K.A.F.*, 160 S.W.3d at 928; *In re R.B.M.*, 338 S.W.3d 755, 757–58 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (noting that the high court may have authority to grant an out-of-time appeal). Appellant's response does not demonstrate that this court has jurisdiction over this appeal.

We dismiss the appeal.

PER CURIAM

Panel consists of Justices Boyce, Christopher, and Jewell.