Opinion issued May 9, 2019



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-19-00198-CV

————————————

## IN THE INTEREST OF A.C.D. AND S.C.D., Children

---

### On Appeal from the 314th District Court
### Harris County, Texas
### Trial Court Case No. 2017-05093J

---

## MEMORANDUM OPINION

Appellant, mother, attempts to appeal from the trial court's final decree terminating her parental rights to her minor children, A.C.D. and S.C.D.

We dismiss the appeal.

An appeal from a judgment terminating parental rights is an accelerated appeal. TEX. FAM. CODE ANN. §§ 109.002(a-1), 263.405(a); *see Doe v. Brazoria*

*Cty. Child Protective Servs.*, 226 S.W.3d 563, 570 (Tex. App.—Houston [1st Dist.] 2007, no pet.). In an accelerated appeal, absent a motion to extend time under Texas Rule of Appellate Procedure 26.3, "the deadline for filing a notice of appeal is strictly set at twenty days after the judgment is signed, with no exceptions and filing a rule 26.1(a) motion for new trial, motion to modify the judgment, motion to reinstate, or request for findings of fact and conclusions of law will not extend that deadline." *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005); *see* TEX. R. APP. P. 26.1(a), (b). If a motion for extension of time to file a notice of appeal is timely filed, the deadline for filing a notice of appeal is extended by fifteen days, to thirty-five days after the judgment is signed. *See* TEX. R. APP. P. 26.3; *Doe*, 226 S.W.3d at 570.

Here, the trial court signed its final decree terminating mother's parental rights on December 31, 2018. Because this appeal is an accelerated appeal, appellant's timely filed motion for new trial did not extend the deadline to file a notice of appeal. *See In re K.A.F.*, 160 S.W.3d at 927; *In re R.B.M.*, 338 S.W.3d 755, 756 (Tex. App.—Houston [14th Dist.] 2011, no pet.). Mother's notice of appeal, therefore, was due by January 22, 2019, or by February 6, 2019, with a fifteen-day extension. *See* TEX. R. APP. P. 4.1, 26.1(b), 26.3. Proceeding pro se, mother untimely filed her

2

notice of appeal on March 19, 2019.[1]  Without a timely filed notice of appeal, this Court lacks jurisdiction over mother's appeal.  *See* TEX. R. APP. P. 25.1.

On April 4, 2019, we notified mother that her appeal was subject to dismissal for want of jurisdiction unless, by April 18, 2019, she filed a written response showing how this Court has jurisdiction over her appeal.  *See* TEX. R. APP. P. 42.3(a) (allowing involuntary dismissal of appeal after notice).  Mother has not responded.

Accordingly, we dismiss the appeal for want of jurisdiction.  *See* TEX. R. APP. P. 42.3(a), 43.2(f); *see also In re K.A.F.*, 160 S.W.3d at 928 (holding untimely notice of appeal failed to invoke jurisdiction of appellate court); *In re R.B.M.*, 338 S.W.3d at 757–58 (dismissing appeal in parental termination case for want of jurisdiction when notice of appeal untimely).

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Goodman and Countiss.

---

[1]     The record filed in this Court reflects that retained counsel represented mother in the trial court.