Opinion issued May 16, 2023



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-22-00962-CV

—————————————

## STELLA SALMERON AND CARLOS SALMERON, Appellants

## V.

## ATASCOCITA FOREST COMMUNITY, Appellee

On Appeal from the 165th District Court
Harris County, Texas
Trial Court Case No. 2020-14619

## MEMORANDUM OPINION

Appellants, Stella Salmeron and Carlos Salmeron, are attempting to appeal from a judgment signed on September 16, 2022. Because we conclude that we lack jurisdiction in this appeal, we dismiss.

A notice of appeal must be filed within 30 days after the judgment is signed. *See* TEX. R. APP. P. 26.1. This deadline may be extended to 90 days after the judgment is signed if a timely post-judgment motion is filed. *See* TEX. R. APP. P. 26.1(a). A post-judgment motion is timely filed if it is filed within 30 days after the judgment is signed. *See* TEX. R. CIV. P. 329b(a).

Appellants did not file a timely post-judgment motion. Appellants filed a "Motion to Relief," challenging the judgment on December 15, 2022. Appellants also filed a notice of appeal on December 15, 2022.[1] Because the post-judgment motion was not filed within 30 days of the date the judgment was signed, it was not timely filed and did not extend the deadline for filing the notice of appeal. *See* TEX. R. APP. P. 26.1(a). Thus, the notice of appeal was due within 30 days after the judgment was signed. *See* TEX. R. APP. P. 26.1. Appellants filed their notice of appeal more than 90 days after the judgment was signed, and therefore, the notice of appeal was not timely filed. Absent a timely-filed notice of appeal, this Court lacks jurisdiction over the appeal. *See In the Interest of K.A.F., A Child*, 160 S.W.3d 923, 928 (Tex. 2005).

---

[1] Appellants filed a notice of appeal in this Court on December 15, 2022. They filed their notice of appeal in the trial court on December 22, 2022. "If a notice of appeal is mistakenly filed with the appellate court, the notice is deemed to have been filed the same day with the trial court clerk, and the appellate clerk must immediately send the trial court clerk a copy of the notice." *See* TEX. R. APP. P. 25.1(a).

On April 11, 2023, this Court issued a notice to appellants, advising them that this Court might lack jurisdiction and that the Court might dismiss their appeal unless appellants filed a response by April 21, 2023, establishing this Court's jurisdiction. Appellants filed no response.

Accordingly, the appeal is dismissed for lack of jurisdiction. TEX. R. APP. P. 42.3(a). Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Hightower, and Countiss.