**DISMISS and Opinion Filed October 10, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-24-00832-CV

## IN THE INTEREST OF G.H., A CHILD

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-30001-2023**

## MEMORANDUM OPINION

Before Justices Smith, Miskel, and Breedlove
Opinion by Justice Miskel

Appellants appeal from the trial court's May 21, 2024 judgment terminating their parental rights. Father filed a motion for new trial on May 30 and Mother filed a motion for new trial on June 4. However, appellants delayed filing their notices of appeal until after the trial court conducted a motion for new trial hearing. Father filed a notice of appeal on July 11 and Mother filed a notice of appeal on July 15. Because the notices of appeal were untimely, we questioned our jurisdiction and requested the parties to file letter briefs addressing our concern.

Appeals in parental termination cases are accelerated. *See* TEX. R. APP. P. 28.4(a)(1). In an accelerated appeal, the notice of appeal is due within twenty days

of the date of judgment or, with an extension motion, within fifteen days of the deadline. *See id*. 26.1(b), 26.3. Filing a post-judgment motion or request for findings of fact does not extend the time to perfect an accelerated appeal. *See id*. 28.1(b).

In their separate letter briefs, appellants admit the notices of appeal were untimely. Mother asserts that her counsel was not served with the proposed judgment before it was signed. *See* TEX. R. CIV. P. 21(a) (requiring service on all parties of application for an order). In his letter brief,[1] Father asserts that we "should invoke jurisdiction and not penalize the parents due to the ineffective assistance of counsel" for failing to file timely notices of appeal. Father also asserts that we should construe his notice of appeal as a petition for writ of mandamus and address whether the trial court's judgment is void for lack of subject matter jurisdiction because it was signed more than ninety days after the trial commenced.[2] *See* TEX. FAM. CODE ANN. § 263.4011(a) (providing trial court shall render a final order within ninety days after date trial commences). Without a timely filed notice of appeal, however, we lack jurisdiction to address the merits of appellants' arguments,

---

[1] The trial court signed an order appointing appellate counsel for Father on July 24, 2024, after the deadline for filing a notice of appeal.

[2] We have held that the failure of the trial court to rule within the ninety-day period does not deprive it of jurisdiction. *See Int. of G.L.J.*, No. 05-23-01296-CV, 2024 WL 2513311, at *6 (Tex. App.—Dallas May 24, 2024, no pet.) (mem. op.).

including the ineffective assistance of counsel claim. *See In re R.B.M.*, 338 S.W.3d 755, 757-58 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

Appellants' notices of appeal were due June 10, 2024 or, with an extension motion, June 25, 2024. *See id*. 26.1(b), 26.3. The notices of appeal filed on July 11 and July 15 are untimely. Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

/Emily Miskel/

EMILY MISKEL
JUSTICE

240832f.p05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF G.H., A
CHILD

No. 05-24-00832-CV

On Appeal from the 199th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 199-30001-
2023.
Opinion delivered by Justice Miskel.
Justices Smith and Breedlove
participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

Judgment entered this 10th day of October, 2024.