# Supreme Court of Texas

No. 25-0588

In the Interest of J.D.H., a Child

On Petition for Review from the
Court of Appeals for the Fourteenth District of Texas

**PER CURIAM**

JUSTICE SULLIVAN filed a dissenting opinion, in which Justice Young and Justice Hawkins joined.

A judgment terminating parental rights is the "death penalty" of civil judgments. *In re D.T.*, 625 S.W.3d 62, 69 (Tex. 2021) (citing *In re K.M.L.*, 443 S.W.3d 101, 121 (Tex. 2014) (Lehrmann, J., concurring)). If a parent fails to timely appeal that judgment because of ineffective assistance of counsel, may the parent pursue an out-of-time appeal? We answer that question yes. Accordingly, we reverse the court of appeals' judgment of dismissal, and we remand to that court with instructions to abate the appeal and remand to the trial court for a hearing on whether the petitioner's counsel was ineffective in filing a late notice of appeal.

**I**

On January 31, 2025, the trial court signed a final judgment terminating Mother's parental rights to her child.[1]  Mother filed a motion for new trial on February 28 and a notice of appeal on May 7. The clerk of the court of appeals notified the parties by letter that the notice of appeal was due on February 20, the motion for new trial had not extended the appellate deadline, and the filed notice of appeal was therefore untimely.  The letter stated that the appeal was "subject to dismissal without further notice" unless any party demonstrated within ten days that the court of appeals had jurisdiction.

In response, Mother filed a motion to abate the appeal and asked for a remand to the trial court to "determine if trial counsel rendered ineffective assistance of counsel for his mistaken belief that filing a motion for new trial would extend the appellate deadlines," thereby excusing the failure to file a timely notice of appeal.  The opposing party, the Department of Family and Protective Services, took no position on the motion.  The court of appeals denied the motion and dismissed the appeal, holding that, under that court's precedent, counsel's alleged ineffective assistance "would not excuse an untimely notice of appeal or vest this court with appellate jurisdiction."  ___ S.W.3d ___, 2025 WL 1587115, at *1 (Tex. App.—Houston [14th Dist.] June 5, 2025); *see also In re R.B.M.*, 338 S.W.3d 755, 757-58 (Tex. App.—Houston [14th Dist.] 2011, no pet.) ("We are aware of no authority allowing an appeal to continue because of ineffective assistance of counsel in failing to timely

---

[1] Father's parental rights were also terminated, but he did not appeal the judgment.

file the appeal."); Tᴇx. R. Aᴘᴘ. P. 2 (allowing an appellate court to suspend a rule's operation for good cause but prohibiting the use of Rule 2 "to alter the time for perfecting an appeal in a civil case").

Mother petitioned this Court for review, arguing that courts may and should allow a parent to pursue an out-of-time appeal when the parent's failure to file a timely notice of appeal resulted from ineffective assistance of counsel. The Department filed a response that, as in the court of appeals, took no position on the issue.

## II

It is undisputed that Mother's notice of appeal, filed over three months after the judgment was signed, was untimely. An appeal of a judgment terminating parental rights is an accelerated appeal, Tᴇx. Fᴀᴍ. Cᴏᴅᴇ § 109.002(a-1), making the deadline to file a notice of appeal twenty days after the judgment is signed, Tᴇx. R. Aᴘᴘ. P. 26.1(b). That deadline is "strictly set" and, absent a motion for extension of time under Rule 26.3, has "no exceptions." *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005). Unlike in an ordinary civil appeal, post-judgment motions in an accelerated appeal—including an appeal of a parental termination judgment—do not extend the notice-of-appeal deadline. *Id.*; Tᴇx. R. Aᴘᴘ. P. 26.1. Accordingly, though Mother's counsel timely filed a motion for new trial, Tᴇx. R. Cɪᴠ. P. 329b(a), her notice of appeal was late. Mother claims that the late-filed notice of appeal resulted from ineffective assistance of counsel.

Under the Family Code, indigent parents have a right to counsel in parental termination cases. Tᴇx. Fᴀᴍ. Cᴏᴅᴇ § 107.013(a). In *In re M.S.*, we held that this right to counsel "embodies the right to *effective*

3

counsel." 115 S.W.3d 534, 544 (Tex. 2003) (emphasis added). More recently, we concluded that the right to effective assistance of counsel in parental termination cases is not limited to indigent parents with appointed counsel but extends to parents with retained counsel as well. *D.T.*, 625 S.W.3d at 72-73. We explained:

> The Legislature determined that when the state seeks to terminate a parent's fundamental liberty interest in making decisions regarding the care of his or her child, gravely and permanently impacting both, the stakes justify affording all parents the right to effective counsel to reduce the risk of an erroneous deprivation and unjust outcome.

*Id.* at 73. That determination is consistent with this Court's longstanding and repeated recognition that the "natural right which exists between parents and their children is one of constitutional dimensions," *D.V. v. Tex. Dep't of Fam. & Protective Servs.*, 722 S.W.3d 854, 858 (Tex. 2025) (quoting *Wiley v. Spratlan*, 543 S.W.2d 349, 352 (Tex. 1976)), and that a "parental rights termination proceeding encumbers a value 'far more precious than any property right' and is consequently governed by special rules," *In re E.R.*, 385 S.W.3d 552, 555 (Tex. 2012) (quoting *Santosky v. Kramer*, 455 U.S. 745, 758 (1982)).[2]

In evaluating an ineffective-assistance claim in a parental termination case, we employ the same standard applied in criminal cases, as set out by the United States Supreme Court in *Strickland v.*

---

[2] This right is now expressly enshrined in the Texas Constitution. *See* TEX. CONST. art. I, § 37 ("To enshrine truths that are deeply rooted in this nation's history and traditions, the people of Texas hereby affirm that a parent has the responsibility to nurture and protect the parent's child and the corresponding fundamental right to exercise care, custody, and control of the parent's child . . . .").

*Washington*, 466 U.S. 668 (1984). *M.S.*, 115 S.W.3d at 545. Under that two-pronged standard, also applied by the Texas Court of Criminal Appeals, *see, e.g.*, *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001), the parent must show that (1) counsel's performance was "so grossly deficient as to render proceedings fundamentally unfair" and (2) "the deficient performance prejudiced the defense," meaning "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable," *M.S.*, 115 S.W.3d at 545 (quoting *Strickland*, 466 U.S. at 687).

Shortly after issuing *M.S.*, we were posed the same question with which we are presented today: whether a parent whose rights have been terminated may pursue an out-of-time appeal when the untimely notice of appeal resulted from ineffective assistance of counsel. *K.A.F.*, 160 S.W.3d at 928. However, we did not address the issue in *K.A.F.* because the parent did not raise it in the court of appeals and therefore failed to preserve error. *Id.* Here, Mother raised the issue in the court of appeals, and we may finally resolve it.

In doing so, we are again guided by the standards employed in criminal cases. In *Ex parte Axel*, a post-conviction habeas corpus proceeding, the Court of Criminal Appeals held that, although the decision to appeal a judgment belongs to the defendant, the defendant's trial counsel has a duty to advise his client about the right to appeal and "tak[e] other steps to pursue an appeal," including assisting his client "in giving notice of appeal" if the client wishes to do so. 757 S.W.2d 369, 374 (Tex. Crim. App. 1988). The defendant's attorney in *Axel* knew the defendant wished to appeal the judgment but failed to assist him in

5

doing so, leading the court to conclude that the defendant was "denied effective assistance of counsel on appeal in violation of his due process rights . . . and his due course rights." *Id.* at 374-75. Accordingly, the court granted relief and held that the defendant was entitled to an out-of-time appeal. *Id.* at 375. The Court of Criminal Appeals has continued to grant similar post-conviction relief following a trial court's determination that counsel rendered ineffective assistance by failing to file a timely notice of appeal. *See, e.g.*, *Ex parte Jones*, No. AP-75,841, 2008 WL 383688, at *1 (Tex. Crim. App. Feb. 13, 2008) (per curiam) (not designated for publication).

We conclude that we must follow a similar course in parental termination cases. As we recently noted, the fundamental rights at stake in parental termination proceedings generate a right to counsel that "is otherwise practically unheard of in civil litigation." *D.V.*, 722 S.W.3d at 858. Again, that right "embodies [a] right to effective counsel whose performance may be challenged on appeal." *D.T.*, 625 S.W.3d at 73 (citing *M.S.*, 115 S.W.3d at 544). It cannot be the case that a parent may pursue an ineffective-assistance claim on appeal unless the ineffective assistance manifested in the failure to timely perfect that appeal. We hold that when a parent's counsel in a parental termination case renders ineffective assistance by failing to timely perfect an appeal requested by the parent, the parent may pursue an out-of-time appeal.

We conclude, however, with two caveats. First, an attorney's failure to file a timely notice of appeal does not necessarily equate to ineffective assistance of counsel. *See Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000) (applying *Strickland* standard to criminal counsel's failure to

file a notice of appeal and holding, among other things, that the defendant must show that "he would have appealed" "but for counsel's deficient performance"). Mother implicitly recognizes this by the relief she requests: she asks us not to order the court of appeals to accept her notice of appeal but to instruct that court to abate the appeal while the trial court holds an evidentiary hearing on whether her counsel's failure to file a timely notice of appeal constituted ineffective assistance.

Second, while parental rights are undoubtedly of constitutional magnitude, they are far from the only interests at stake in a parental termination proceeding—the "protection of the child" remains "paramount." *In re A.V.*, 113 S.W.3d 355, 361 (Tex. 2003) (quoting *In re J.W.T.*, 872 S.W.2d 189, 195 (Tex. 1994)); *see also* TEX. FAM. CODE § 263.307(a) ("[T]he prompt and permanent placement of the child in a safe environment is presumed to be in the child's best interest."). Relatedly, a child has "an interest in a final decision on termination so that adoption to a stable home or return to the parents is not unduly prolonged." *M.S.*, 115 S.W.3d at 548.

The Legislature has endeavored to further that interest in multiple ways, including in Section 161.211 of the Family Code, which provides: "Notwithstanding Rule 329, Texas Rules of Civil Procedure,[3] the validity of an order terminating the parental rights of a person . . . is not subject to collateral or direct attack after the sixth month after the date the order was signed." TEX. FAM. CODE § 161.211(a)-(b). The statute thus serves as an important backstop in service of a child's

---

[3] Rule 329 places deadlines on filing post-judgment motions. TEX. R. CIV. P. 329, 329b.

7

interest in permanency and stability. *See In re B.L.D.*, 113 S.W.3d 340, 353 (Tex. 2003) (discussing various parental termination statutes, including Section 161.211, that effectuate the policy of "ensur[ing] that children's lives are not kept in limbo while judicial processes crawl forward"). The Department asserts that the statute "will act as a time bar on a parent's ability to assert [an ineffective-assistance] claim outside that six-month window."

Section 161.211 is not at issue here because Mother challenged the termination judgment less than six months after it was signed. However, we agree that as a general matter, the statute places a hard deadline on a parent's ability to challenge a termination order, regardless of the reason. *See Ramirez v. Dep't of Fam. & Protective Servs.*, 667 S.W.3d 340, 344-46 (Tex. App.—Houston [1st Dist.] 2022, no pet.) (holding that Section 161.211(c), which permits an attack on a termination order based on an unrevoked affidavit of relinquishment on grounds of fraud, duress, or coercion, does not authorize such challenges beyond the six-month deadline in subsections (a) and (b)). That provision, of course, is subject to any constitutional challenges that may be asserted. *See In re K.S.L.*, 538 S.W.3d 107, 112-15 (Tex. 2017) (rejecting a due-process challenge to Section 161.211(c)); *E.R.*, 385 S.W.3d at 566 (holding that Section 161.211 did not bar a post-six-month challenge by a parent who was not validly served with citation because "[a] complete failure of service deprives a litigant of due process and a trial court of personal jurisdiction; the resulting judgment is void and may be challenged at any time"); *see also Ramirez*, 667 S.W.3d at 346 ("Absent a showing of a constitutional bar to Section 161.211(a)'s

8

enforcement, . . . we must give effect to the six-month deadline imposed by the Legislature on appellants' petition challenging the termination orders." (citing *In re D.S.*, 602 S.W.3d 504, 516 (Tex. 2020))).

\* \* \*

In sum, we hold that a parent who fails to timely appeal a judgment terminating her parental rights because of ineffective assistance of counsel may pursue an out-of-time appeal. Without hearing oral argument, TEX. R. APP. P. 59.1, we grant Mother's petition for review, reverse the court of appeals' judgment, and remand the case to the court of appeals with instructions to abate the appeal and remand to the trial court to conduct a hearing on whether Mother received ineffective assistance of counsel.

**OPINION DELIVERED:** June 19, 2026