**Dismissed and Memorandum Opinion filed December 15, 2016.**



In The

# Fourteenth Court of Appeals

## NO. 14-16-00819-CV

## IN THE INTEREST OF J.L.G, T.R.W. AND K.M.M., CHILDREN

**On Appeal from the 314th District Court
Harris County, Texas
Trial Court Cause No. 2014-00306J**

## M E M O R A N D U M    O P I N I O N

This is an attempted appeal from a judgment in a suit in which the termination of the parent-child relationship is at issue. The judgment was signed August 17, 2016. A motion for new trial was filed August 22, 2016. Appellant's notice of appeal was filed October 10, 2016.

An appeal from a judgment terminating the parent-child relationship is accelerated and governed by the rules for accelerated appeals in civil cases. Tex. Fam. Code Ann. § 109.002(a); Tex. R. App. P. 28.4(a). In an accelerated appeal, the notice of appeal must be filed within 20 days after the judgment or order is

signed. Tex. R. App. P. 26.1(b). Moreover, neither a motion for new trial, a request for findings of fact and conclusions of law, nor any other post-trial motion in the trial court will extend the deadline for filing a notice of appeal under Rule 26.1(b) of the Texas Rules of Appellate Procedure. Tex. R. App. P. 28.1(b).

Appellant's notice of appeal was not filed timely. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (1997) (construing the predecessor to Rule 26). However, the appellant must offer a reasonable explanation for failing to file the notice of appeal in a timely manner. *See* Tex. R. App. P. 26.3, 10.5(b)(1)(C); *Verburgt*, 959 S.W.2d at 617–18. Appellant's notice of appeal was not filed within the fifteen-day period provided by Rule 26.3.

On October 20, 2016, notification was transmitted to all parties of the Court's intent to dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a). Appellant filed a response in which he contends there are meritorious grounds for continuing the appeal. Specifically, appellant asserts that appellate counsel was appointed after the deadline for filing an appeal and that trial counsel filed an untimely notice of appeal because she was unaware of the accelerated deadline and mistakenly believed that a motion for new trial extended the deadline. Appellant's response fails to demonstrate that this court has jurisdiction over the appeal.

This court does not have jurisdiction to consider any appeal unless our jurisdiction has been timely invoked. *See In re K.A.F.*, 160 S.W.3d 923, 928 (Tex. 2005). Although the higher court may grant an out-of-time appeal under certain circumstances—such as a showing of ineffective assistance of counsel in failing to

2

timely file the appeal—we may not suspend the rules to alter the time to perfect a civil appeal. *See id.* (claim that appellant should be allowed to pursue on out-of-time appeal on grounds of ineffective assistance had not been preserved by raising it in the court of appeals); and Tex. R. App. P. 2.

Accordingly, the appeal is ordered dismissed.


PER CURIAM


Panel consists of Justices Christopher, Jamison, and Donovan.