**Opinion issued May 14, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00072-CV

———————————

## IN THE INTEREST OF D. J. W., A CHILD, Appellant

---

**On Appeal from the 314th District Court
Harris County, Texas
Trial Court Case No. 2016-03523J-A**

---

### MEMORANDUM OPINION

Appellant is appealing from a final decree of termination of his parental rights, signed on December 18, 2018. The notice of appeal was filed on January 23, 2019.

A permanency hearing was held after the final order was signed, and on January 10, 2019, the trial court signed an order regarding placement of the child and set another permanency hearing on June 11, 2019. Appellant was represented

by counsel in the trial court and was appointed counsel on appeal. Appellant, B.W., filed a notice of appeal from the December 18, 2018 final decree on January 23, 2019.

An appeal from a decree of termination is a priority appeal with accelerated deadlines. *See* TEX. FAM. CODE § 109.002(a-1); *In the Interest of K.A.F.*, 160 S.W.3d 923, 924–25 (Tex. 2005). The deadline for filing the notice of appeal in an accelerated appeal is 20 days after the final decree is signed. *See* TEX. R. APP. P. 26.1(b). The court may extend the deadline for filing the notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the appellant files the notice of appeal and a motion for extension of time. *See* TEX. R. APP. P. 26.3. A motion for extension is implied if the notice of appeal is filed late, but within the 15-day period for filing the motion for extension. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

But appellant did not file his notice of appeal within 15 days after the deadline for filing the notice of appeal. The notice of appeal was due on January 7, 2019. Appellant filed his notice of appeal on January 23, 2019, sixteen days after the due date. Although appellant filed a motion for extension of time to file the notice of appeal on January 24, neither the motion nor the notice of appeal were filed within the 15-day period after the notice of appeal was due and therefore, the motion is untimely and does not extend the deadline. *See* TEX. R. APP. P. 26.3; *Grabowski v.*

2

*South Shore Prop. Mgmt.*, No. 01–13–00275–CV, 2013 WL 3247164, at \*1 (Tex. App.—Houston [1st Dist.] June 27, 2013, no pet.) (dismissing appeal because notice of appeal and motion for extension were both untimely filed).

Absent a timely-filed notice of appeal, this Court lacks jurisdiction over the appeal. *See K.A.F.,* 160 S.W.3d at 928. After receiving notice that this Court might dismiss for lack of jurisdiction, appellant filed no response. *See* TEX. R. APP. P. 42.3(a).

Because we lack jurisdiction over this appeal, we dismiss the appeal. *See* TEX. R. APP. P. 43.2(f). Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Lloyd, Kelly, and Hightower.