TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-04-00755-CV






Indemnity Insurance Company of North America, Appellant


v.


Martin Bowie, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT

NO. GN302472, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING





O R D E RPER CURIAM

 Our review of the record in this appeal has raised questions regarding our jurisdiction,
which we may raise sua sponte. See Texas Ass'n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440,
444-45 (Tex. 1993); Reynolds v. Reynolds, 86 S.W.3d 272, 275 (Tex. App.--Austin 2002, no pet.). 
The district court signed a judgment on September 20, 2004. Subsequently, a motion to modify
judgment was filed, which the district court granted, signing a new judgment on November 2, 2004. 
Appellant filed its notice of appeal on November 24, 2004, in apparent reliance on the extended
appellate timetables that would have run from the modified judgment. See Tex. R. Civ. P. 329b. 
However, the record before us is unclear whether the motion to modify judgment was timely filed. 
The motion to modify contains a certificate of service dated October 8, 2004, but it was not file-stamped until November 4, 2004. Assuming the motion was filed on or around the date on the
certificate of service, it would have extended the district court's plenary power to modify the
judgment, making the notice of appeal timely. See Tex. R. Civ. P. 329b; Tex. R. App. P. 25.1. If,
on the other hand, the motion to modify was filed on the date it was file-stamped, it would have been
untimely, the district court would have lacked jurisdiction to render the modified judgment, and
appellant would not have timely perfected an appeal of the September 20 judgment. See id. 

 Our power to entertain appeals is limited solely to cases in which the parties have
timely perfected the appeal. See In re K.A.F., 160 S.W.3d 923, 927 (Tex. 2005). Accordingly, we
request that, by July 13, 2005, the parties supplement the record, if possible, to clarify whether the
motion to modify was filed within thirty days after the original September 20, 2004 judgment.

 It is ordered July 1, 2005.


Before Justices B. A. Smith, Patterson and Pemberton