In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-011 CV


____________________



JAMES ELI HUFF II, Appellant



V.



TEXAS WORKFORCE COMMISSION 


AND JOSEPH J. LABELLA & ASSOCIATES, P.L.L.C., Appellees






On Appeal from the 221st District Court


Montgomery County, Texas


Trial Cause No. 02-08-05697-CV






 MEMORANDUM OPINION 


 Upon receiving notice of appeal we questioned our jurisdiction. Only the appellant
filed a response. 

 The trial court signed the judgment on January 7, 2005. Huff contends he received
notice of judgment on April 5, 2005, more than 20 but less than 90 days from the date of
judgment. See Tex. R. Civ. P. 306a(4). On April 19, 2005, Huff mailed a motion to
extend the trial court's plenary power due to delayed notice of judgment and a motion for
new trial. The documents were filed April 27, 2005, within 30 days of the date Huff
claims he received notice of judgment. He filed notice of appeal on January 3, 2006.

 Huff contends the time for filing notice of appeal runs from the denial of his motion
for new trial. When applicable, Rule 306a(4), time periods run from the date of notice,
which according to the appellant should be April 5, 2005. Assuming for the sake of
argument that the trial court should have ordered all time periods to run from the date of
notice, Huff filed a motion for new trial within thirty days of April 5, 2005, but then failed
to file notice of appeal within ninety days of April 5, 2005. (1) See Tex. R. App. P.
26.1(a)(1)(notice of appeal due in 90 days if motion for new trial timely filed). Assuming
the time for filing notice of appeal could be extended for an additional 15 days, Huff failed
to invoke our appellate jurisdiction by July 20, 2005. See Tex. R. App. P. 26.3 (appellate
court may extend time to file notice of appeal by 15 days).

 Huff failed to establish timely filing of notice of appeal. Accordingly, the appeal
is dismissed for want of jurisdiction.

 APPEAL DISMISSED.

 ___________________________

 HOLLIS HORTON

 Justice


Opinion Delivered February 9, 2006 

Before McKeithen, C.J., Kreger and Horton, JJ.
1. Huff filed a Motion for New Trial. A motion for new trial does not express the
party's present intention to perfect appeal; therefore, it is not a bona fide effort to invoke
appellate jurisdiction. See Interest of K.A.F., 160 S.W.3d 923, 927 (Tex. 2005); Lane v.
Burkett, No. 13-04-290-CV, 2004 WL 1687913 at *1 (Tex. App.-Corpus Christi July 29,
2004, no pet.).