# NO. 12-10-00285-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF C.H., C.H.,* | § | *APPEAL FROM THE 420TH* |
| *C.H. AND P.H., CHILDREN* | § | *JUDICIAL DISTRICT COURT* |
| | § | *NACOGDOCHES COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
### *PER CURIAM*

This appeal is being dismissed for want of jurisdiction pursuant to Texas Rule of Appellate Procedure 42.3(a).

This is an appeal from a judgment in a suit in which termination of the parent-child relationship was in issue. Consequently, the procedures for accelerated appeals apply. *See* TEX. FAM. CODE ANN. § 109.002(a) (Vernon 2008). Under rule of appellate procedure 26.1, the notice of appeal in an accelerated appeal must be filed within twenty days after the judgment is signed. TEX. R. APP. P. 26.1(b). When an appeal is accelerated, filing a motion for new trial does not extend the deadline for filing the notice of appeal. *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005).

Here, the trial court's judgment was signed on June 17, 2010. Because this is an accelerated appeal, the notice of appeal was due to have been filed on or before July 7, 2010. However, Appellants did not file the notice of appeal until August 23, 2010. Although Appellants filed a motion for new trial, that did not extend the time for filing the notice of appeal. *See id*. And they did not file a motion for an extension of time to file the notice of appeal as permitted by rule of appellate procedure 26.3. Therefore, Appellants' notice of appeal was untimely, and this court has no jurisdiction of the appeal.

1

On August 31, 2010, this court notified Appellants pursuant to Texas Rules of Appellate Procedure 37.1 and 42.3 that their notice of appeal was untimely and there was no timely motion for an extension of time to file the notice of appeal as permitted by rule of appellate procedure 26.3. Appellants were further informed that unless the record was amended on or before September 10, 2010, to establish the jurisdiction of this court, the appeal would be dismissed. The deadline for responding to this court's August 31, 2010, notice has expired, and Appellants have neither responded to the notice nor established this court's jurisdiction.

Because this court is not authorized to extend the time for perfecting an appeal except as provided by Texas Rules of Appellate Procedure 26.1 and 26.3, the appeal is ***dismissed for want of jurisdiction***. *See* TEX. R. APP. P. 42.3(a).

Opinion delivered September 22, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

2