02-11-188-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00188-CV

 

 


 
 
 IN THE INTEREST OF T.T.R., A Minor CHILD
 
 
  
 
 
  
 
 
 
 
  
 
 
 
 
  
 
 
 
 
  
 
 
  
 
 
  
 
 


----------

 

FROM THE 431ST
District Court OF denton COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

Appellant
Father attempts to appeal from the trial court’s February 14, 2011 order
terminating his parental rights to T.T.R. 

Father’s
notice of appeal was due March 7, 2011, but he filed it on May 27, 2011.  See
Tex. R. App. P. 26.1(b) (stating that in an accelerated appeal, the notice of
appeal must be filed within twenty days after the judgment or order is
signed).  On June 1, 2011, we sent our first letter to Father informing him of
our concern that we may not have jurisdiction because his notice of appeal
appeared to be untimely.  In response to this letter, Father sent an amended
notice of appeal and asked us to consider his appeal as a restricted appeal,
arguing that he did not participate in the hearing that resulted in the
judgment complained of and that he filed his motion for new trial on March 18,
2011, when it was due on March 16, 2011, making it untimely.  See Tex.
R. App. P. 30 (stating that a party who did not participate in the hearing that
resulted in the judgment complained of and who did not timely file a postjudgment
motion or a notice of appeal within the time permitted by rule 26.1(a) may file
a notice of appeal within the time permitted by rule 26.1(c)).  We continued
the appeal as a restricted appeal.

On July
22, 2011, the clerk’s record was filed in this case.  It shows that Father placed
his motion for new trial into the prison mail system on March 16, 2011, and
that the prison mail system put the motion into the United States Postal
Service mail on March 16, 2011.  We sent Father and his pro bono counsel
another letter, informing them of our renewed concern that we may not have
jurisdiction.  See Tex. R. App. P. 26.1(b), 28.1(b), 30; In re K.A.F.,
160 S.W.3d 923, 924 (Tex.) (stating that postjudgment motions do not extend the
appellate deadline for filing an accelerated appeal), cert. denied, 546
U.S. 961 (2005).  We informed them that unless Father or any party desiring to
continue the appeal filed with this court, on or before August 11, 2011, a
response showing grounds for continuing the appeal, the appeal may be dismissed
for want of jurisdiction.

Father
and his pro bono counsel each responded to our letter, but neither response
shows grounds for continuing the appeal as a restricted appeal.  That is,
because Father’s motion for new trial went out of the prison system on March
16, 2011, through United States mail, it is considered filed on March 16, 2011,
and not March 18, 2011.[2]  See Tex. R. Civ.
P. 5 (stating that if a document is sent to the proper clerk by first-class
United States mail with an envelope that is properly addressed and stamped and
then deposited in the mail on or before the last day for filing it, if received
by the clerk not more than ten days late, it shall be filed by the clerk and be
deemed filed in time); see also Tex. R. App. P. 9.2(b)(1)(A)–(C)
(stating same “mailbox rule”).  Under the mailbox rule, Father’s motion for new
trial was timely filed.  See Tex. R. Civ. P. 5; Tex. R. App. P. 9.2(b)(1)(A)–(C).
 Because Father timely filed a postjudgment motion, he cannot bring a restricted
appeal.  See Tex. R. App. P. 30 (requiring that the appellant fail to
timely file a postjudgment motion).  And because this case cannot be brought as
a restricted appeal and Father’s notice of appeal was untimely, this court
lacks jurisdiction.  See Tex. R. App. P. 28.1(b) (stating that filing a
motion for new trial will not extend to the time to perfect an accelerated
appeal).  Therefore, we dismiss the appeal for want of jurisdiction.  See
Tex. R. App. P. 42.3(a), 43.2(f).

 

 

PER CURIAM

 

PANEL:
MCCOY, J.; LIVINGSTON, C.J.; and
MEIER, J.

 

DELIVERED: September 15,
2011









[1]See Tex. R. App. P. 47.4.





[2]Father acknowledges this
in his response to our second letter.