

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00188-CV

IN THE INTEREST OF T.T.R., A
MINOR CHILD

----------

FROM THE 431ST DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Father attempts to appeal from the trial court's February 14, 2011 order terminating his parental rights to T.T.R.

Father's notice of appeal was due March 7, 2011, but he filed it on May 27, 2011. *See* Tex. R. App. P. 26.1(b) (stating that in an accelerated appeal, the notice of appeal must be filed within twenty days after the judgment or order is signed). On June 1, 2011, we sent our first letter to Father informing him of our concern that we may not have jurisdiction because his notice of appeal appeared

---

[1]*See* Tex. R. App. P. 47.4.

to be untimely. In response to this letter, Father sent an amended notice of appeal and asked us to consider his appeal as a restricted appeal, arguing that he did not participate in the hearing that resulted in the judgment complained of and that he filed his motion for new trial on March 18, 2011, when it was due on March 16, 2011, making it untimely. *See* Tex. R. App. P. 30 (stating that a party who did not participate in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or a notice of appeal within the time permitted by rule 26.1(a) may file a notice of appeal within the time permitted by rule 26.1(c)). We continued the appeal as a restricted appeal.

On July 22, 2011, the clerk's record was filed in this case. It shows that Father placed his motion for new trial into the prison mail system on March 16, 2011, and that the prison mail system put the motion into the United States Postal Service mail on March 16, 2011. We sent Father and his pro bono counsel another letter, informing them of our renewed concern that we may not have jurisdiction. *See* Tex. R. App. P. 26.1(b), 28.1(b), 30; *In re K.A.F.*, 160 S.W.3d 923, 924 (Tex.) (stating that postjudgment motions do not extend the appellate deadline for filing an accelerated appeal), *cert. denied*, 546 U.S. 961 (2005). We informed them that unless Father or any party desiring to continue the appeal filed with this court, on or before August 11, 2011, a response showing grounds for continuing the appeal, the appeal may be dismissed for want of jurisdiction.

Father and his pro bono counsel each responded to our letter, but neither response shows grounds for continuing the appeal as a restricted appeal. That

2

is, because Father's motion for new trial went out of the prison system on March 16, 2011, through United States mail, it is considered filed on March 16, 2011, and not March 18, 2011.[2]  *See* Tex. R. Civ. P. 5 (stating that if a document is sent to the proper clerk by first-class United States mail with an envelope that is properly addressed and stamped and then deposited in the mail on or before the last day for filing it, if received by the clerk not more than ten days late, it shall be filed by the clerk and be deemed filed in time); *see also* Tex. R. App. P. 9.2(b)(1)(A)–(C) (stating same "mailbox rule").  Under the mailbox rule, Father's motion for new trial was timely filed.  *See* Tex. R. Civ. P. 5; Tex. R. App. P. 9.2(b)(1)(A)–(C).  Because Father timely filed a postjudgment motion, he cannot bring a restricted appeal.  *See* Tex. R. App. P. 30 (requiring that the appellant fail to timely file a postjudgment motion).  And because this case cannot be brought as a restricted appeal and Father's notice of appeal was untimely, this court lacks jurisdiction.  *See* Tex. R. App. P. 28.1(b) (stating that filing a motion for new trial will not extend to the time to perfect an accelerated appeal).  Therefore, we dismiss the appeal for want of jurisdiction.  *See* Tex. R. App. P. 42.3(a), 43.2(f).

PER CURIAM

PANEL: MCCOY, J.; LIVINGSTON, C.J.; and MEIER, J.

DELIVERED: September 15, 2011

---

[2]Father acknowledges this in his response to our second letter.

3