

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00013-CV

_____

MARIA CERVANTES, INDIVIDUALLY AND AS NEXT FRIEND OF ALEK GONZALEZ, AND OMAR GONZALEZ, INDIVIDUALLY AND AS NEXT FRIEND OF ALEK GONZALEZ, Appellant

V.

JOSEPH MORRIS MCKELLAR, M.D., D/B/A O.B. ASSOCIATES; CARTER J. MOORE, M.D.; CARTER J. MOORE, M.D., P.A.; AND TITUS REGIONAL MEDICAL CENTER, Appellees

On Appeal from the 276th District Court
Titus County, Texas
Trial Court No. 35429

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Maria Cervantes, et al., appellants, appeal from an order dismissing their health care liability claims against Carter J. Moore, M.D., and Carter J. Moore, M.D., P.A., under Texas Civil Practices and Remedies Code Section 74.351(*l*) due to the lack of an adequate expert report. The order dismissing Cervantes' claims against Moore was signed December 4, 2012, and Cervantes' notice of appeal was filed February 20, 2013.

Our jurisdiction is limited to appeals from final judgments, except as explicitly allowed by statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.012, 51.014 (West Supp. 2012). The order of dismissal from which Cervantes appeals is not a final judgment in that it does not dispose of all claims and parties. However, an order granting relief sought by a motion under Section 74.351(*l*) is an appealable, interlocutory order, TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(10), and such appeals are accelerated, TEX. R. APP. P. 28.1. A notice of appeal in an accelerated interlocutory appeal must be filed within twenty days after the date the interlocutory order is signed. TEX. R. APP. P. 26.1(b), 28.1(b). Here, the order dismissing Cervantes' claims against Moore was signed December 4, 2012, and Cervantes' notice of appeal was filed February 20, 2013, seventy-eight days after the order was signed. While Cervantes' did file a motion to reconsider with the trial court on December 13, 2012, post-order motions have no impact on the deadline for filing notice of an accelerated appeal. *In re K.A.F*., 160 S.W.3d 923, 927 (Tex. 2005).

When this Court received the record and determined that a jurisdictional defect existed, we provided Cervantes with an opportunity to explain how we have jurisdiction over the appeal.

2

A response was filed, but no explanation was provided that could cure this defect. Cervantes also asked us to provide an extension of time in which to file the notice of appeal. However, at this late date, we have no authority to provide such an extension, as we are well beyond the fifteen-day-grace period provided by Texas Rule of Appellate Procedure 26.3. *See* TEX. R. APP. P. 26.3.

Cervantes' notice of appeal was not timely filed; consequently, this Court is without jurisdiction over the appeal. TEX. R. APP. P. 25.1, 26.1; *K.A.F.*, 160 S.W.3d at 927.

We dismiss this appeal for want of jurisdiction.


Jack Carter
Justice

Date Submitted:     April 9, 2013
Date Decided:       April 10, 2013

3