**Opinion issued June 13, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00268-CV

———————————

## IN THE INTEREST OF M.F., A CHILD

———————————

**On Appeal from the 315th District Court**
**Harris County, Texas**
**Trial Court Case No. 2010-05847J[1]**

———————————

## MEMORANDUM OPINION

Appellant, Valeria Sanchez a/k/a Valeria Anne Youngblood a/k/a Valeria Ash, attempts to bring a second appeal from the trial court's "Agreed Order Modifying Prior Order and Decree in Suit Affecting the Parent-Child Relationship," signed March 12, 2012. The order grants sole managing

---

[1] On October 11, 2010, the trial court ordered that the filings in cause number 2010-05098J and in cause number 2010-05847J be consolidated under, and that all future filings be captioned under, the latter cause number.

conservatorship of the minor child made the subject of this suit to the Department of Family and Protective Services. We dismiss the appeal for want of jurisdiction.

Appellant's previous appeal from the trial court's March 12, 2012 order was dismissed on appellant's motion. *See In re M.F.*, No. 01-12-00374-CV, 2012 WL 4038451, at *1 (Tex. App.—Houston [1st Dist.] Sept. 13, 2012, no pet.) (mem. op.). Appellant is not entitled to a second appeal from the trial court's March 12, 2012 order.

Moreover, appellant's pro se notice of appeal filed March 27, 2013 was not timely filed. An appeal in a child protection case, as here, is accelerated. *See* TEX. FAM. CODE ANN. § 109.002(a) (West Supp. 2012); TEX. R. APP. P. 28.4(a). In an accelerated appeal, absent a motion to extend time under Rule of Appellate Procedure 26.3, "the deadline for filing a notice of appeal is strictly set at twenty days after the judgment is signed, with no exceptions. . . ." *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005); *see* TEX. R. APP. P. 26.1(b), 26.3. "Filing a motion for new trial, any other post-trial motion, or a request for findings of fact will not extend the time to perfect an accelerated appeal." TEX. R. APP. P. 28.1(b).

The time to file a notice of appeal from the trial court's March 12, 2012 order in this case expired on April 2, 2012. *See* TEX. R. APP. P. 26.1(b). Appellant's notice of appeal filed a year later, on March 27, 2013, was not timely filed. *See id.*; *K.A.F.*, 160 S.W.3d at 927.

Because we lack jurisdiction over the attempted appeal, we must dismiss the appeal. *See K.A.F.*, 160 S.W.3d at 928 (affirming dismissal of appeal in parental termination case when notice of appeal was untimely); *see also In re J.G.*, No. 01-11-00395-CV, 2012 WL 3041311, at *1 (Tex. App.—Houston [1st Dist.] July 6, 2012, no pet.) (mem. op.) (dismissing appeal in parental termination case for want of jurisdiction because notice of appeal was untimely). We notified appellant that her appeal was subject to dismissal unless she filed a written response demonstrating that this Court has jurisdiction over the appeal. *See* TEX. R. APP. P. 42.3(a) (allowing involuntary dismissal of appeal after notice). Appellant's response does not show grounds for continuing the appeal.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Higley, and Bland.