**Motion for Rehearing Denied; Opinion filed May 30, 2019 Withdrawn; Appeal Dismissed and Substitute Memorandum Opinion filed August 20, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00340-CV

---

**KENDERRICK MERRITT, Appellant**

**V.**

**THE METHODIST HOSPITAL; THE METHODIST HOSPITAL - HOUSTON; THE METHODIST HOSPITAL SYSTEM; THE METHODIST HEALTH CARE SYSTEM, INC.; HOUSTON METHODIST; HOUSTON METHODIST HOSPITAL; HOUSTON METHODIST -- TEXAS MEDICAL CENTER; MICHAEL T. MANN, M.D.; AND PATRICIO DE HOYOS ZAMBRANO, M.D., Appellees**

---

**On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2017-42856**

---

### SUBSTITUTE MEMORANDUM OPINION

On May 30, 2019, this court issued an opinion dismissing this appeal. Appellant Kenderrick Merritt filed a motion for rehearing on July 24, 2019. We deny

appellant's motion for rehearing, withdraw the opinion issued May 30, 2019, and issue this opinion in its place.

This is a medical-malpractice action in which appellant, Kenderrick Merritt, sued The Methodist Hospital, The Methodist Hospital – Houston, The Methodist Hospital System, The Methodist Health Care System, Inc., Houston Methodist, Houston Methodist Hospital, Houston Methodist – Texas Medical Center, (collectively, "Hospital Parties"), Michael T. Mann, M.D., and Patricio de Hoyos Zambrano, M.D. Each of the defendants filed objections to appellant's expert report and filed motions to dismiss. On December 29, 2018, the trial court denied Dr. Zambrano's motion to dismiss, denied the Hospital Parties' motion to dismiss, and granted Dr. Mann's motion to dismiss pursuant to section 74.351(b)(2) of the Texas Civil Practice and Remedies Code. Appellant filed a notice of appeal on April 12, 2019.

Appellant avers in his motion for rehearing that he does not intend to appeal the denial of Dr. Zambrano's and the Hospital Parties'motions to dismiss. Appellant only attempts to appeal the grant of Dr. Mann's motion to dismiss. Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When orders do not dispose of all pending parties and claims, the orders remain interlocutory and unappealable until final judgment is rendered unless a statutory exception applies. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding). The order granting Dr. Mann's motion to dismiss is interlocutory in that is does not dispose of all pending parties. Unless a statutory exception applies, the order may not be appealed. *See Bally Total Fitness*, 53 S.W.3d at 352.

Section 51.014 of the Texas Civil Practice and Remedies Code permits an interlocutory appeal from an interlocutory order that "(9) denies all or part of the relief sought by a motion under Section 74.351(b), except that an appeal may not be taken from an order granting an extension under Section 74.351"; or "(10) grants relief sought by a motion under Section 74.351(l)." Tex. Civ. Prac. & Rem. Code Ann. § 51.014. Appellant does not attempt to invoke this court's jurisdiction under section 51.014.[1] Therefore, no statutory exception applies to appellant's appeal.

On July 26, 2019, notification was transmitted to the parties of this court's intention to dismiss the appeal for want of jurisdiction unless appellant filed a response on or before August 5, 2019, demonstrating grounds for continuing the appeal. *See* Tex. R. App. P. 42.3(a). Appellant did not respond to this court's notice.

Because the order granting Dr. Mann's motion to dismiss is not a final, appealable order, we dismiss the appeal for lack of appellate jurisdiction.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Spain and Poissant.

---

[1] If appellant attempted to appeal the denial of the Hospital Parties' and Dr. Zambrano's motions, then appellant's notice of appeal was untimely. *See* Tex. R. App. P. 26.1(b); *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005).