**Motion Granted and Abatement Order filed February 6, 2020.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-19-00748-CV
_____

### ESTATE OF HILDA M. BROOKS, DECEASED

**On Appeal from the Probate Court**
**Galveston County, Texas**
**Trial Court Cause No. PR-0078656-A**

## ABATEMENT ORDER

This appeal is from a judgment signed August 27, 2019. The clerk's record was filed October 10, 2019. On November 22, 2019, Tarris Woods filed a notice of appeal in this court. *See In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005) (holding a court of appeals has jurisdiction over an appeal if the appellant timely files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction).

Woods alleges he did not receive notice of the judgment until November 10, 2019. On December 19, 2019, Woods filed a motion to abate this appeal. No response has been filed.

Pursuant to Texas Rule of Civil Procedure 306a, Woods must provide a written order signed by the trial court finding the date when appellant first either received notice or acquired actual knowledge the judgment was signed. *See* Tex. R. App. P. 4.2(c); *see also LDF Construction, Inc. v. Texas Friends of Chabad Lubavitch, Inc.*, 459 S.W.3d 720, 724 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (the date must be established by competent proof and included in a written order signed by the trial judge).

Accordingly, we order the case abated and remanded to the trial court for a hearing and entry of an order finding the date when appellant first either received notice or acquired actual knowledge that the order was signed. A supplemental clerk's record containing the trial court's order shall be filed with the clerk of this court **within 30 days of the date of this order.**

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record is filed in this Court. The Court will also consider an appropriate motion to reinstate the appeal filed by either party, or the Court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing, if a hearing is required, in compliance with this Court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.


PER CURIAM


Panel consists of Chief Justice Frost and Justices Christopher and Bourliot.