COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      In the Interest of M. B. v. Department of Family and Protective Services

Appellate case number:    01-20-00003-CV

Trial court case number:   2018-00243J

Trial court:            315th District Court of Harris County

This attempted appeal arises from an underlying suit affecting the parent-child relationship filed by appellee, the Texas Department of Family and Protective Services. Appellant, Jeane Gardiner, seeks to appeal a judgment rendered on September 6, 2019 by an associate judge and signed by the presiding judge on September 9. 2019. Appellant filed her notice of appeal on December 19, 2019, which was 101 days after the judgment was signed by the presiding judge. Appellant has filed a motion with our Court requesting that we extend the deadline for filing her notice of appeal to December 19, 2019, thereby rendering her notice of appeal filed on that date timely. The motion is DENIED.

Although not cited in the extension motion, appellant relies upon Rule 26.1(a) of the Texas Rules of Appellate Procedure to assert that her filing of a motion for new trial extended the deadline for filing her notice of appeal to 90 days from the date of the judgment. *See* TEX. R. APP. P. 26.1(a). On this basis, appellant asserts that her notice of appeal was filed within the time our court is authorized to grant extension requests. The rule applicable to appellant's request, Rule 26.3, allows us to extend the deadline for filing a notice of appeal if the notice of appeal is filed within 15 days of the deadline. *See* TEX. R. APP. P. 26.3.

Because this is an accelerated appeal, the deadline for filing appellant's notice of appeal was 20 days from the signing of the judgment, not 90 days. *See* TEX. FAM. CODE § 263.405(a) (providing that appeal of final order placing child under care of Department "is governed by the procedures for accelerated appeals in civil cases under the Texas Rules of Appellate Procedure"); TEX. R. APP. P. 26.1(b) (requiring notice of appeal in accelerated appeal to be filed within twenty days after judgment or order is signed); *see also* TEX. R. JUD. ADMIN. 6.2 ("In an appeal of a termination of the parent-child relationship or a suit affecting the parent-child relationship filed by a governmental entity for managing conservatorship, appellate courts should, so far as reasonably possible, ensure that appeal is brought to final disposition . . . . [w]ithin 180 days of the date the notice of appeal is filed."). Unlike regular appeals, the filing of a motion for new trial does not

extend the deadline for filing a notice of appeal in an accelerated appeal. *See* TEX. R. APP. P. 28.1(b) ("Filing a motion for new trial, any other post-trial motion, or a request for findings of fact will not extend the time to perfect an accelerated appeal."); *see also In the Interest of K.A.F.*, 160 S.W.3d 923, 925 (Tex. 2005). Accordingly, appellant's December 19, 2019 notice of appeal was filed 81 days late and outside of the 15-day timeframe for requesting an extension under Rule 26.3.

For the foregoing reasons, we deny appellant's motion to extend the deadline for filing her notice of appeal. We further notify appellant that, because the appeal is untimely, we intend to dismiss the appeal for want of jurisdiction unless appellant files a response by no later than **10 days** for the date of this order demonstrating that this Court has jurisdiction over the appeal. *See* TEX. R. APP. P. 42.3 (allowing appellate court to dismiss case for want of jurisdiction after giving ten days' notice to parties).

It is so ORDERED.


Judge's signature: ___/s/ Sarah B. Landau_____
                                        Acting individually


Date: ___March 10, 2020_____