In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00165-CV**

_____

**IN THE INTEREST OF R.J.M. AND E.K.T.**

**On Appeal from the 317th District Court**
**Jefferson County, Texas**
**Trial Cause No. F-239,028**

**MEMORANDUM OPINION**

On April 8, 2022, the trial court signed an order of termination in Trial Cause Number F-239,028. The appellant, D.L.M., filed a notice of appeal on May 20, 2022.[1] We notified the parties that the notice of appeal had been filed too late to perfect an accelerated appeal. In response, D.L.M. argued he extended the time to file a notice of appeal by requesting findings of fact and conclusions of law.

[1] We identify the parties by their initials. *See* Tex. Fam. Code Ann. § 109.002(d); *see also* Tex. R. App. P. 9.8(b).

"An appeal in a suit in which termination of the parent-child relationship is ordered shall be given precedence over other civil cases by the appellate courts, shall be accelerated, and shall follow the procedures for an accelerated appeal under the Texas Rules of Appellate Procedure."[2] A request for findings of fact and conclusions of law does not extend the time for perfecting an appeal in a parental rights termination case.[3] The notice of appeal must be filed within 20 days after the trial court signed the order of termination.[4] An extension may be granted if the notice of appeal is filed within fifteen days of the due date.[5]

D.L.M. has not identified a timely-filed document that represents a bona fide attempt to invoke this Court's jurisdiction. The attorney who filed the notice of appeal filed a notice of appearance of counsel on March 29, 2022, but the notice of appearance, which counsel filed after the trial but before the trial court signed the judgment, did not mention an appeal.[6]

Arguing the termination suit filed as Trial Cause F-239,028 and the suit to adjudicate parentage filed as Trial Cause Number C-237,033 were tried together,

---

[2] Tex. Fam. Code Ann. § 109.002(a-1).
[3] *In re K.A.F.*, 160 S.W.3d 923, 926-27 (Tex. 2005).
[4] Tex. R. App. P. 26.1(b).
[5] Tex. R. App. P. 26.3.
[6] The certificate of service on the notice of appearance is dated April 29, 2022, but official filing marks state the notice of appearance was actually filed on March 29, 2022. The automated certificate of eService indicates the judgment was served on counsel on April 8, 2022.

2

D.L.M. asked this Court to consolidate his appeals. We denied the motion and a motion to reconsider. Consolidating the appeals would not have altered the time for perfecting an appeal of the parental rights termination case, and D.L.M. has not identified any document filed in Trial Cause Number C-237,033 that represents a timely bona fide attempt to perfect an appeal in Trial Cause Number F-239,028.[7]

D.L.M. filed a notice of appeal too late to invoke this Court's appellate jurisdiction.[8] Accordingly, we dismiss the appeal for lack of jurisdiction.[9]

APPEAL DISMISSED.

PER CURIAM

Submitted on July 13, 2022
Opinion Delivered July 14, 2022

Before Golemon, C.J., Horton and Johnson, JJ.

---

[7] *See Mitschke v. Borromeo*, No. 21-0326, 2022 WL 1510317, at *12 (Tex. May 13, 2022) (not yet reported) ("[W]hen a party timely attacks an order that grants a final judgment and then files a notice of appeal that is otherwise timely, the court of appeals must deem the appeal to have been timely perfected despite a non-prejudicial procedural defect.").

[8] *See K.A.F.*, 160 S.W.3d at 927.

[9] *See* Tex. R. App. P. 42.3(a); *see also* Tex. R. App. P. 43.2(f).