

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00814-CV

**IN THE INTEREST OF A.A.A.**, a Child

From the 341st Judicial District Court, Webb County, Texas
Trial Court No. 2020-FLD-001240-D3
Honorable Selina Nava Mireles, Judge Presiding

PER CURIAM

Sitting: Luz Elena D. Chapa, Justice
    Beth Watkins, Justice
    Liza A. Rodriguez, Justice

Delivered and Filed: January 25, 2023

DISMISSED FOR LACK OF JURISDICTION

On December 5, 2022, appellant A.K.T. filed a notice of appeal challenging an order terminating her parental rights. The clerk's record shows the trial court signed the order of termination on May 6, 2022. An appeal from an order terminating a parent-child relationship is governed by the rules of appellate procedure for accelerated appeals. TEX. R. APP. P. 28.4(a); *see also* TEX. FAM. CODE §109.002(a-1). In an accelerated appeal, the notice of appeal must be filed within twenty days after the judgment or order being appealed is signed, and a party cannot extend this deadline by filing a post-judgment motion. TEX. R. APP. P. 26.1(b); *In re K.A.F.*, 160 S.W.3d 923, 928 (Tex. 2005); *In re L.R.S.*, No. 04-20-00507-CV, 2020 WL 7365444, at *1 (Tex. App.—San Antonio Dec. 16, 2020, no pet.) (mem. op.) (citing *In re G.S.*, No. 04-17-00237-CV, 2017 WL 2457052, at *1 (Tex. App.—San Antonio June 7, 2017, no pet.) (mem. op.)). As a result, A.K.T.'s

notice of appeal was due by May 26, 2022, or her notice of appeal and motion for extension of time to file the notice of appeal was due fifteen days later. TEX. R. APP. P. 26.1, 26.3; *K.A.F.*, 160 S.W.3d at 928; *L.R.S.*, 2020 WL 7365444, at *1; *G.S.*, 2017 WL 2457052, at *1.

Because A.K.T. did not file her notice of appeal until December 5, 2022, it appeared late. We therefore ordered A.K.T. to show cause in writing, by January 5, 2022, why this appeal should not be dismissed for lack of jurisdiction. A.K.T. responded to our order, and counsel maintained he had not been hired until October 12, 2022. Counsel further explained he filed a post-judgment motion on December 2, 2022, and the trial court advised him the motion could not be heard because its plenary power had expired and recommended he file a notice of appeal.

A.K.T.'s explanation is insufficient to establish this court's jurisdiction. "A timely notice appeal is necessary to invoke this court's jurisdiction." *L.R.S.*, 2020 WL 7365444, at *1 (citing *In re S.A.M.W.*, No. 04-16-00425-CV, 2016 WL 3944816, at *1 (Tex. App.—San Antonio July 20, 2016, no pet.) (mem. op.)). Accordingly, because the notice of appeal was untimely filed, we have no choice but to dismiss this appeal for lack of jurisdiction. *K.A.F.*, 160 S.W.3d at 928 (affirming court of appeals dismissing parental termination for lack of jurisdiction when notice of appeal was untimely filed); *L.R.S.*, 2020 WL 7365444, at *1 (dismissing parental termination for lack of jurisdiction after notice of appeal was filed almost three months after order of termination was signed); *G.S.*, 2017 WL 2457052, at *1 (dismissing parental termination after notice of appeal was filed forty-four days after order of termination was signed). We further deny all pending motions, including notifications of late record, as moot.

PER CURIAM