

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00075-CV

IN THE INTEREST OF T.R., A CHILD

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 97,399-E-FM, Honorable Carry Baker, Presiding

May 19, 2023

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

This appeal emanated from a suit by the Texas Department of Family and Protective Services to terminate the parental rights of DH to four of her children. TR was one of them. From that suit, the proceedings involving two of the four children were severed into a different cause. Thereafter, the trial court entered its "final" order terminating the parental relationship between mother and TR in May 2022. Yet, that order did not adjudicate mother's rights regarding the remaining child. Thus, the order affecting TR was not final and appealable. *See In re R.R.K.*, 590 S.W.3d 535, 540 (Tex. 2019) (stating that an order is final when it disposes of all issues and parties). Nor was it made final and appealable until the trial court issued its order, on December 21, 2022, severing

the termination involving TR and assigning it an independent cause number, i.e., 97,399-E-FM. That resulted in mother's filing her initial notice of appeal on February 22, 2023, a supplemental notice on March 6, 2023, and a motion for new trial on March 6, 2023.

Rule of appellate procedure mandates that a notice of appeal in an accelerated matter be filed within 20 days after the judgment or order is signed. TEX. R. APP. P. 26.1(b); *see also In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005) (reiterating the 20-day deadline and explaining that same is not extended by one timely moving for a new trial). The pending appeal is such an accelerated matter. TEX. R. APP. P. 28.4. Thus, the deadline to file a timely notice in this matter fell on January 10, 2023. As can be seen, all notices mother filed were late. Because a timely notice of appeal is essential to invoking appellate jurisdiction, *In re C.S.*, No. 07-17-00329-CV, 2017 Tex. App. LEXIS 9060, at *2 (Tex. App.—Amarillo Sept. 26, 2017, pet. denied) (mem. op.), we lack jurisdiction over the appeal. Thus, we dismiss it for want of jurisdiction. TEX. R. APP. P. 42.3(a).

Brian Quinn
Chief Justice

2