

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-25-00277-CV

_____

IN THE INTEREST OF K.L., A CHILD

On Appeal from the County Court at Law No. 2
Randall County, Texas
Trial Court No. 86018L2, Honorable Jack M. Graham, Presiding

February 5, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

After a bench trial, the trial court terminated Appellant's parental rights to K.L. pursuant to Texas Family Code § 161.001(b)(1)(N), finding termination in the child's best interest. Appellant raises one issue on appeal, contending she received no actual notice of the trial. We affirm.

**BACKGROUND**

Appellant, pregnant and still married to K.L's father, came to Texas with her boyfriend.[1] She gave birth to K.L. in Texas shortly after losing possession of her older

---

[1] To protect the identity of the parent and the child, we refer to both by aliases. TEX. R. APP. P. 9.8(c)(1).

children in North Carolina. When K.L. was four days old, the Texas Department of Family and Protective Services received a report of neglectful supervision. The Department's concerns centered on Appellant's mental health, particularly self-harm in the presence of her children, her boyfriend's drug use, and K.L.'s father's history of domestic abuse and possible drug use. The Department removed K.L. and placed him in a foster-to-adopt home.

The Department provided Appellant with a Family Plan outlining the services she needed to complete to regain custody. For the first three months, Appellant's visits with K.L. were sporadic. Then the visits stopped entirely. Appellant failed to comply with most of the service plan, and her visitation was cancelled. During the case's pendency, Appellant moved frequently between Amarillo, North Carolina, and possibly Oklahoma, never maintaining a stable residence.

The trial court set the final hearing for September 8, 2025. When the court called the case that morning, Appellant did not appear. Her attorney was present and told the court she had expected Appellant to attend. Counsel said her office would attempt to contact Appellant "in every way we know how." Appellant never appeared.

At trial, the State presented evidence of abandonment and failure to comply with the Family Plan. The State also showed K.L.'s happiness and wellbeing with his foster family. Appellant's attorney rested without calling witnesses. Appellant's counsel then told the court: "I would indicate that my client last week wished that I request that this be a permanency hearing, because she is working her services, so that's what I'm doing, Your Honor." The trial court denied the request and terminated Appellant's parental rights. This appeal followed.

2

Appellant does not contest the accuracy of the statements at trial. Via one issue, she argues the record fails to demonstrate she received actual notice of the termination hearing and a meaningful opportunity to defend on the merits. She contends she is entitled to a new trial because of this alleged lack of notice. We disagree.

Generally, a party alleging lack of notice must timely notify the trial court through objection, continuance request, or motion for new trial. *See* TEX. R. APP. P. 33.1; *see In re K.A.F.*, 160 S.W.3d 923, 928 (Tex. 2005) ("[T]he rules governing error preservation must be followed in cases involving termination of parental rights, as in other cases in which a complaint is based on constitutional error."); *In re L.M.I.*, 119 S.W.3d 707, 710 (Tex. 2003) (holding in parental rights termination case that parent waived due process claim on appeal by failing to notify trial court of alleged violation at any stage in the trial process); *T. D. v. Tex. Dep't of Family & Protective Services*, 683 S.W.3d 901, 910 (Tex. App.—Austin 2024, no pet.) (declining to apply fundamental error doctrine sua sponte regarding argument that parent lacked adequate notice of trial setting). Appellant points to no portion of the record preserving this complaint, nor do we find any. She also failed to present evidence demonstrating her lack of notice, despite the requirement that she do so. *See In re D.K.*, No. 02-09-00117-CV, 2009 Tex. App. LEXIS 9945, at *6 (Tex. App.—Fort Worth Dec. 31, 2009, no pet.).

Moreover, even if a timely request had been made, Appellant's argument fails on the merits. Once a parent has been properly served with the initial petition and has retained or appointed counsel, notice of the final trial may generally be provided to the parent's attorney rather than directly to the parent. *See* TEX. R. CIV. P. 21a; *In re D.K.*,

3

No. 02-09-00117-CV, 2009 Tex. App. LEXIS 9945, at *6. "An attorney's knowledge of a trial setting is imputed to his client." *In re D.K.*, No. 02-09-00117-CV, 2009 Tex. App. LEXIS 9945, at *6. However, to satisfy due process, the parent must still receive notice from their attorney. *See Id*. Appellant's argument that she lacked "actual notice" of the trial setting ignores the language of Texas Family Code § 263.0021(c), which provides for service to be given pursuant to Rule 21a or in a temporary order following a full adversary hearing. TEX. FAM. CODE ANN. § 263.0021(c)(1), (2). Both authorized notice methods were satisfied here. Appellant's attorney received notice of the hearing and appeared on Appellant's behalf. And the Initial Permanency Hearing Order signed after the initial permanency hearing stated the date for trial on the merits.

Perhaps most significantly, however, the record shows Appellant had actual knowledge of the September 8, 2025, trial setting. After the State rested, the trial court asked Appellant's attorney if she had any witnesses. Her attorney responded she had none, then stated: "I would indicate that my client last week wished that I request that *this* be a permanency hearing, because she is working her services, so that's what I'm doing, Your Honor." (emphasis added). The word "this" refers to the very hearing taking place on September 8. It evidences that Appellant discussed the trial with her attorney in the days before it happened and instructed her to request a permanency hearing rather than termination. This would permit the trial court to find Appellant knew the date, the nature of the proceeding, and had formulated a litigation strategy for the hearing.

We overrule Appellant's issue.

4

**CONCLUSION**

Having overruled Appellant's sole issue, we affirm the trial court's judgment.


Lawrence M. Doss
Justice