# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00755-CV

**M. M. S., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE 22ND DISTRICT COURT OF COMAL COUNTY
### NO. C2018-1505A, THE HONORABLE DIB WALDRIP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On August 26, 2019, the trial court signed a final order terminating M.M.S.'s parental rights. Because this appeal is accelerated, the deadline for M.M.S. to file a notice of appeal from the final order of termination was September 16, 2019.[1]  *See* Tex. Fam. Code § 263.405(a) (providing that appeal of termination order "is governed by the procedures for

---

[1]  On September 13, 2019, M.M.S. timely filed a request for findings of fact and conclusions of law, which in an ordinary civil case extends the deadline for filing a notice of appeal. *See* Tex. R. App. P. 26.1(b) (stating that notice of appeal must filed within ninety days after judgment is signed if any party timely files certain post-judgment motions or request for findings of fact and conclusions of law); *see also* Tex. R. Civ. P. 296 (request for findings of fact and conclusions of law must be filed within twenty days after judgment is signed). Because this is an accelerated appeal, however, M.M.S.'s request for findings of fact and conclusions of law did not extend her appellate deadline. *See* Tex. R. App. P. 28.1(b) ("Filing a motion for new trial, any other post-trial motion, or a request for findings of fact will not extend the time to perfect an accelerated appeal."); *In the Interest of K.A.F.*, 160 S.W.3d 923, 925 (Tex. 2005). In addition, her timely filed request precludes her from filing a restricted appeal. *See* Tex. R. App. P. 30 (providing that party who did not participate and "did not timely file a postjudgment motion or request for findings of fact and conclusions of law" may file restricted appeal); R. 26.1(c) (deadline for restricted appeal is six months after judgment is signed).

accelerated appeals in civil cases under the Texas Rules of Appellate Procedure"); Tex. R. App. P. 26.1(b) (requiring notice of appeal in accelerated appeal to be filed within twenty days after judgment or order is signed).

On November 12, 2019, this Court notified M.M.S. that her notice of appeal—which was filed by M.M.S., representing herself pro se, on October 18, 2019—appeared untimely and that the appeal would be dismissed for want of jurisdiction unless she filed on or before November 25, 2019, a response explaining how this Court has jurisdiction over this appeal. *See* Tex. R. App. P. 42.3 (allowing appellate court to dismiss case for want of jurisdiction after giving ten days' notice to parties). To date, no response has been filed.

In an accelerated appeal, absent a motion to extend time under Texas Rule of Appellate Procedure 26.3 "the deadline for filing a notice of appeal is strictly set at twenty days after the judgment is signed, with no exceptions." *In the Interest of K.A.F.*, 160 S.W.3d 923, 925 (Tex. 2005). When a motion for extension of time to file the notice of appeal is timely filed, the deadline for filing a notice of appeal may be extended by fifteen days. *See* Tex. R. App. P. 26.3; *Verburgt v. Donner*, 959 S.W.2d 615, 617 (Tex. 1997) (motion for extension of time under Rule 26.3 is implied when party, in good faith, files notice of appeal within fifteen-day period). Because M.M.S. did not timely file her notice of appeal, or alternatively, a motion to extend time to file her notice of appeal, her appeal is considered untimely and failed to invoke this Court's jurisdiction. *See K.A.F.*, 160 S.W.3d at 927 (concluding that untimely notice of appeal from judgment terminating parental rights failed to invoke appellate court's jurisdiction); *S.B. v. Texas Dep't of Family & Protective Servs.*, No. 03-17-00364-CV, 2017 Tex. App. LEXIS 5872, at *1-2 (Tex. App.—Austin June 27, 2017, pet. denied) (dismissing appeal from judgment terminating

2

parental rights because notice of appeal was not timely filed).  Accordingly, we must dismiss the appeal for want of jurisdiction.  *See* Tex. R. App. P. 42.3(a).

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Baker, and Kelly

Dismissed for Want of Jurisdiction

Filed:   December 13, 2019